# THE COLORADO LAW REPORTER.

VOL. II.]               DENVER, MARCH, 1882.               [NO. 7.

## PEOPLE *ex rel.* LIVESAY *v.* WRIGHT.

*(Supreme Court of Colorado, December Term, 1881—Quo Warranto.)*

1. VACANCY IN OFFICE—TERM OF APPOINTEE TO FILL. An appointee to fill a vacancy in the office of district attorney, holds till the next general election, and not for the balance of the term made vacant.

2. CONSTITUTION—CONSTRUCTION OF. A construction which raises a conflict between different parts of the constitution is not admissible, when by any reasonable construction they may be made to harmonize. And in case of an amendment to the constitution proposed by the Legislature, a statute on the same subject passed by the same body, at the same session, must be taken as practically a cotemporaneous construction thereof, conclusive as to the legislative intent.

ELBERT, C. J. This is an information in the nature of a *quo warranto*.

The relator, Livesay, claims the office of district attorney for the first judicial district, by virtue of an election to that office at the general election held November 8, 1881, and presents his certificate of election issued and sealed by the Secretary of State.

The defendant, Wright, claims the office by virtue of his appointment on the 3d day of January, 1881, by C. C. Carpenter, Judge of the first district, to fill a vacancy occasioned by the resignation of Harper M. Orahood, elected district attorney in 1879, for the term of three years, and exhibits a duly certified copy of his said appointment.

By reason of this appointment the defendant asserts title to the office for the unexpired term of Orahood, that is to say, until the general election in November, 1882.

The validity of this claim will depend upon the construction to be given to section 29, article 6, of the constitution, which is as follows:

37

"Vacancies occurring in any of the offices provided for in this article, shall be filled by appointment, as follows: Of Judges of the Supreme and District Courts, by the Governor; of district attorneys, by the Judge of the Court of the district for which such attorney was elected; and of all other judicial officers, by the board of county commissioners of the county wherein the vacancy occurs. Judges of the Supreme, District and County Courts, appointed under the provisions of this section, shall hold òffice until the next general election, and until their successors elected thereat shall be duly qualified." (General Laws, p. 132.)

This section is an amendment framed and submitted by the Legislature, and adopted by the people in lieu of section 29, article 6, of the constitution, as originally adopted.

The repealed section is as follows:

\*     \*     \*     "Vacancies in elective offices shall be filled by election, but when the unexpired term does not exceed one year, the vacancy shall be filled by appointment, as follows: Of Judges of the Supreme and District Courts, by the Governor; of district attorneys, by the Judge of the Court to which the office appertains, and of all other judicial officers, by the board of county commissioners of the county where the vacancy occurs."

Under this repealed section, whenever a vacancy occurred in any elective judicial office, and the unexpired term exceeded one year, it became necessary to call and hold a special election to fill the vacancy.

The chief, if not the only object of the amendment, was to obviate the expense and inconvenience of such special elections.

If we compare the repealed and substituted sections, we find:

(1.) As to the appointing power, there is no change, the Governor, District Judges, and county commissioners exercising the appointing power in the same class of cases in both sections.

(2.) As to the mode of filling vacancies, the rule of the repealed section was, that vacancies in all elective offices should be filled by election, the only exception being where the unexpired term did not exceed one year. The rule of the substituted section is, that vacancies in any of the offices provided for in this article shall be filled by appointment.

(3.) As to the term, (so called for convenience,) of an appointee, to fill a vacancy, the rule of the repealed section was

that the appointee held for the unexpired term, but appointments being limited to unexpired terms that did not exceed one year, it, in effect, limited the term of all appointees until the next general election. The provision of the substituted section is, that "Judges of the Supreme, District and County Courts appointed under the provisions of this section shall hold office until the next general election and until their successors elected thereat shall be duly qualified." Touching the term of one appointed by the District Judge to fill a vacancy in the office of district attorney, or of one appointed by the board of county commissioners to fill a vacancy, when, by the section, the board is empowered to appoint, the substituted section is silent.

Having repealed a section which, in effect, limited the term of *all* appointees to fill vacancies in judicial offices "until the next general election," and having in the substituted section re-enacted the rule *only* as to "Judges of the Supreme, District and County Courts appointed to fill vacancies," an implication arises of not a little force, of a legislative intention that appointed officers not enumerated should hold for the unexpired term.

In support of this implication, which is the one contended for by the defendant, we have the familiar maxim, *expressio unius est exclusio alterius.* It must be remembered, however, that this maxim is not of universal application in the construction of statutes. The legislative intention is to be taken according to the necessity of the matter, and according to that which is consonant to reason and sound discretion. *Town of Trinidad* v. *Simpson*, 5 Col., 1 Colo. Law Reporter, 97 ; Broom's Legal Maxims, 664.

It is simply a rule for arriving at legislative intent, and is to discreetly guide, not despotically govern.

An examination of all the consequences of such an implication discloses a result which repels it. By force of this section the board of commissioners is empowered to fill a vacancy in the office of justice of the peace. The term of one so appointed is not prescribed by the section.

If, then, from failure to enumerate we are to imply a legislative intention that one appointed to fill a vacancy in the office of district attorney should hold for the unexpired term, we must equally imply the same intention in the case of one appointed by the board of county commissioners to fill a vacancy in the office of justice of the peace.

But the existence of such a legislative intention in the latter case is repelled by the fact that the constitution elsewhere, in effect, provides that one appointed to fill a vacancy in the office of justice of the peace shall hold until the next general election. Sections 9, 11, article 14, Constitution.

It is not to be supposed that the Legislature intended an implied provision to conflict with an express provision.

A construction which raises a conflict between different parts of the constitution is not admissible when by any reasonable construction they may be made to harmonize.

Again, the construction insisted upon raises a conflict between this section of the constitution and the 10th and 13th sections of the act of the Legislature entitled elections. The 10th section of this act provides, *inter alia*, that "the District Judge shall fill all vacancies in the office of district attorney by appointment, until the next general election." The 13th section is substantially to the same effect.

The subsequent adoption of the constitutional amendment operated to repeal these sections as inconsistent therewith, if the terms of the amendment are to be construed as claimed by the defendant. This, in effect, challenges the statute as unconstitutional. In determining the constitutionality of a statute, "the first duty of the Court," says Mr. Cooley, "is to seek to reconcile the seeming conflict and sustain the statute, and it is only when this cannot be consistently done that the extreme course of pronouncing the act unconstitutional can be justified." Cooley's Const. Limitations, 183 *et seq.*

Mr. Sedgwick thus states the doctrine: "The leading rule in regard to the judicial construction of constitutional provisions is a wise and sound one, which declares that in cases of doubt, every possible presumption and intendment will be made in favor of the constitutionality of the act in question, and that the Courts will only interfere in cases of clear and unquestioned violation of the fundamental law. It has been repeatedly said that the presumption is that every State statute, the objects and provisions of which are among the acknowledged powers of legislation, is valid and constitutional, and such presumption is not to be overcome unless the contrary is clearly demonstrated." Sedgwick Stat. and Const. Law, 409.

The powers of the General Assembly are plenary, subject only to constitutional restraints, expressed or implied.

To authorize an implied restraint, the implication must be a necessary one. *The People* v. *Rucker*, 5 Colo., 1 Colo. Law Reporter, 345.

The implication by which it is insisted that the constitutional amendment in question declares that one appointed to fill a vacancy in the office of district attorney shall hold for the unexpired term, cannot be said to be a necessary or exclusive implication.

It is not unreasonable to say that the framers of the amendment intended to leave the duration of incumbency in this case as in case of all the other unenumerated offices—subject to legislative discretion and control.

That such was the intention, we have evidence that must be accepted as of no little weight.

The amendment under discussion was framed and submitted to the people by the Legislature, by an act approved February 23, 1877. Thirteen days thereafter, on the 8th of March, the same Legislature enacted the statutory provisions which are claimed to be in conflict with the amendment.

The Legislature were the framers of the amendment, and this statute must be taken as practically a cotemporaneous exposition of it. They must be supposed to have regarded the amendment as leaving the term of an appointee to fill a vacancy, when not provided for by the amendment, as the subject of legislative discretion and control, and to have legislated in harmony with this view.

"As in regard to statutes, so in regard to constitutions, contemporaneous and legislative expositions are frequently resorted to to remove and explain ambiguities."

"Great deference is due to a legislative exposition of a constitutional provision, and *especially* when it is made contemporaneously with such provision, and might be supposed to result from the same views of policy and modes of reasoning which prevailed among the framers of the instrument expounded." Sedgwick Stat. and Const. Law, 412; *People* v. *Green*, 2 Wend., 266, 274.

In this case the statute in question is not only a legislative exposition of the amendment, but an exposition by the framers of the amendment, and must, we think, be accepted as conclusive.

In view of the several considerations we have mentioned, we are of the opinion that the construction of the amendment claimed by the defendant cannot be sustained, and that the relator shows a valid title to the office of district attorney for the first judicial district, and judgment will be entered in accordance with this view.

*C. H. Toll*, Attorney General, for relator.

*Alpheus Wright*, for respondent.