## IN RE KINDERGARTEN SCHOOLS.

1. LEGISLATIVE POWER.
Unless the constitution in express terms or by necessary implication limits it, the legislature may exercise its sovereign power in any way that, in its judgment, will best subserve the general welfare.
2. CONSTITUTIONAL LAW.
Section 2, art. 9 of the Constitution is mandatory and requires affirmative action on the part of the legislature to the extent and in the manner specified, and is not a limitation of its power to provide free schools for children under the age of six years.

The opinion of the court is in response to the following question by the house of representatives:

"Does the general assembly possess power, under the constitution of the state of Colorado, to provide for the establishment and maintenance of a kindergarten department in the public school system of the state, and for the education therein of children of an age less than six years?"

PER CURIAM.   As we are advised, the particular provision of the constitution that gave rise to the doubt your honorable body entertains in regard to the validity of the proposed legislation, is sec. 2, art. 9, which is as follows:

"The general assembly shall, as soon as practicable, provide for the establishment and maintenance of a thorough and uniform system of free public schools throughout the state, wherein all residents of the state between the ages of six and twenty-one years may be educated gratuitously.   One or more public schools shall be maintained in each school district within the state, at least three months in each year; any school district failing to have such school shall not be entitled to receive any portion of the school fund for that year."

And we understand that such doubt is as to whether the language of this section limits the power of the legislature to establish any free schools other than therein specifically mentioned.   The rule of construction to be applied to our

constitution is announced in *Alexander v. The People*, 7 Colo. 155, as follows :

" The legislature being invested with complete power for all the purposes of civil government, and the state constitution being merely a limitation upon that power, the court will look into it, not to see if the enactment in question is authorized, but only to see if it is prohibited."

Unless, therefore, the constitution in express terms or by necessary implication limits it, the legislature may exercise its sovereign power in any way that, in its judgment, will best subserve the general welfare.

Read in the light of this rule of interpretation, and the wise and liberal policy of the state in educational matters, the section is clearly mandatory and requires affirmative action on the part of the legislature to the extent and in the manner specified, and is in no measure prohibitory or a limitation of its power to provide free schools for children under six years of age, whenever it deems it wise and beneficial to do so.    This view is in harmony with other sections of the same article.

Section 3 provides that " The public school fund of the state shall forever remain inviolate and intact; the interest thereon only shall be expended in the maintenance of the schools of the state, and shall be distributed amongst the several counties and school districts of the state, in such manner as may be prescribed by law."

Section 7 prohibits the appropriation of the school fund to a certain class of schools only.

Section 15 is as follows :

" The general assembly shall, by law, provide for the organization of school districts of convenient size, in each of which shall be established a board of education, to consist of three or more directors, to be elected by the qualified electors of the district.    Said directors shall have control of instruction in the public schools of their respective districts."

Section 16 provides that " Neither the general assembly

nor the state board of education shall have power to prescribe text books to be used in the public schools."

In the case of *Roach v. The Board of President and Directors of the St. Louis Public Schools*, 77 Mo. 488, the supreme court of Missouri, in construing sec. 1 in connection with sec. 6 of art. 11 of their Constitution, (sec. 1 being in terms like sec. 3, art. 9 of our Constitution) adopted a conclusion seemingly at variance with the views we entertain ; but it will be seen in that case great stress is placed on the language of sec. 6 in that it expressly provided that the public school funds should be faithfully appropriated to the establishing and maintaining of the free schools provided for in sec. 1, and for no other uses or purposes whatsoever ; and that " The two sections, taken together, amount to both a requirement and a prohibition."

No provision of our constitution is similar to sec. 6, art 11 of the Missouri Constitution, and as we have seen, an appropriation of the school fund is prohibited only as to a certain class of schools.

We think, therefore, that under a fair rule of construction, sec. 3 of art. 9 can be held to be a requirement, and not a prohibition, and that such construction is in harmony with the progressive school policy of the state, and will enable the legislature to confer upon all classes of children the advantages of a system that has proven of incalculable benefit.

We are of opinion that the legislature has the power, under the constitution, to provide for the establishment and maintenance of a kindergarten department in the public school system, for the education of children of an age less than six years.