[Civ. No. 1540.   Third Appellate District.—July 26, 1916.]

## G. W. WIGLEY, Petitioner, v. SOUTH SAN JOAQUIN IRRIGATION DISTRICT et al., Respondents.

PUBLIC OFFICERS — RECALL — IRRIGATION DISTRICT OFFICERS — ACT OF 1911—CONSTITUTIONALITY OF.—The act of 1911 providing that the holder of any elective office of any irrigation district may be removed or recalled at any time by the electors does not violate section 18 of article IV or section 1 of article XXIII of the constitution, and is valid.

ID.—POWER OF LEGISLATURE—CONSTRUCTION OF SECTION 18, ARTICLE IV, AND SECTION 1, ARTICLE XXIII, OF CONSTITUTION.—Prior to the adoption of the constitutional provisions upon the subject, the legislature had the power, under its general legislative authority, to pass acts for the recall of public officers; and neither section 18 of article IV nor section 1 of article XXIII of the constitution can be construed to have taken that power from it.

ID.—CONSTRUCTION OF CONSTITUTION — RESTRICTION OF LEGISLATIVE POWERS.—The constitution of this state is not to be considered as a grant of power, but rather as a restriction upon the powers of the legislature, and it is competent for the legislature to exercise all powers not forbidden by the constitution of the state, or delegated to the general government, or prohibited by the constitution of the United States.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a Writ of Mandate against the Board of Directors of South San Joaquin Irrigation District, commanding it to call an election for the recall of one of its members.

The facts are stated in the opinion of the court.

Clary & Louttit, for Petitioner.

L. L. Dennitt, for Respondents.

ELLISON, J., *pro tem.*—This is an application for a writ of mandate to the board of directors of the South San Joaquin Irrigation District, commanding it to call an election for the recall of one of its members.

The application for the writ shows that the recall petition presented to said board conformed in all respects to the provisions of an act of the legislature as found in the statutes of the extra session of 1911, at page 135. This act provides: "The holder of any elective office of any irrigation district may be removed or recalled at any time by the electors."

Counsel for the board of directors take the position that the legislature, in passing the above act and extending the recall to officers of an irrigation district, acted in violation of certain provisions of the state constitution and exceeded its powers. This conclusion is attempted to be sustained by a reference to section 18 of article IV of the constitution, and to section 1 of article XXIII. Section 18 provides for the removal of certain officers, such as governor, judges, etc., by impeachment, and concludes with this sentence: "All other civil officers shall be tried for misdemeanor in office in such manner as the legislature may provide," and section 1 of article XXIII provides for the recall of certain specified officers, viz., for the recall of elective officers of counties, cities and counties, and cities and towns of the state, but does not in express terms provide for the recall of district officers. Considering these two sections of the constitution, counsel's position may be stated as follows: Since the constitution does not provide for the recall of district officers but does provide that they may be removed from office after a trial and conviction of misdemeanor in office, it follows that the latter provision is exclusive, and the legislature has no power to pass any act for their removal other than an act to provide for their removal for cause. The argument challenges the power of the state legislature to pass the act of 1911. It must be considered, however, that, in the absence of section 1, article XXIII, of the state constitution, the legislature would

have plenary power to pass laws providing for the recall of public officers. This results from the nature and form of our state government. As was said in *Sheehan* v. *Scott*, 145 Cal. 684, [79 Pac. 350] : "The express declaration in section 1, article IV, of the constitution of this state, that 'The legislative power of the state shall be vested in a Senate and Assembly,' includes all the legislative power of the state whose exercise is not expressly prohibited to the legislature, or conferred upon some other body. In the face of this declaration there can be no implication of the absence or nonexistence of such power, but whoever would claim that the power does not exist in any particular case, or has been improperly exercised, must point out the provision of the constitution which has taken it away or forbidden its exercise. 'The constitution of this state is not to be considered as a grant of power but rather as a restriction upon the powers of the legislature, and it is competent for the legislature to exercise all powers not forbidden by the constitution of the state, or delegated to the general government, or prohibited by the constitution of the United States.' (*People* v. *Coleman,* 4 Cal. 46, [60 Am. Dec. 581].)"

Prior to the enactment of section 1, article XXIII, of the constitution, it was conceded, if not directly decided, that the legislature had the power to pass acts for the recall of public officers. Thus, in *Conn* v. *City Council*, 17 Cal. App. 717, [121 Pac. 719], the record in that case disclosed that the charter of the city of Richmond was adopted at a time when there were no recall provisions in the state constitution. The charter expressly provided for the recall of all elective city officers. It was held in that case that the charter provision as to recall of the elective officers of the city was valid, and within the power of the people of the city to make and within the power of the legislature to approve. The charter, when approved by the legislature, became a law of the state in the same sense that the act of 1911 is a law of the state. We have here, then, a decision holding that the legislature did not need any constitutional grant to give it power to pass an act for the recall of public officers.

2. In the same case it was said: "Manifestly the tenure of office, and the method of removing an elected city official, are purely municipal affairs, which in no sense conflict with the constitutional provisions relating to the tenure of office

or the removal by impeachment of state officers. Similar recall provisions, as applied to administrative officers, have been upheld and declared not to be in conflict with either state or federal constitution in other jurisdictions, where the points of attack were identical with the arguments advanced here."

In *Good* v. *Common Council*, 5 Cal. App. 269, [90 Pac. 46], it is said: "A case of 'removal for just cause' in this sense implies some misconduct upon the part of the officer, or imputes to him some violation of the law. Under such circumstances it is necessary that the charges against him shall be based upon some refusal to obey or intention to violate the law prescribing his duties. There are often such penalties attached to proceedings for the removal of officers 'for cause shown' that they are and should be carefully guarded from abuse (*Croly* v. *Sacramento*, 119 Cal. 234, [51 Pac. 323]); but as to the right to the office as against the people, it is a well-recognized rule that the agency may be terminated at any time by the sovereign power without reason given. (*Matter of Carter*, 141 Cal. 319, [74 Pac. 997].)"

We conclude that section 18 of article IV, providing that officers may be tried for misdemeanors in office in such manner as the legislature may prescribe, does not deprive the legislature of power to provide for the recall of public officers by the electorate.

3. As section 1 of article XXIII of the constitution is not, nor was it intended to be, a *grant* of power to the legislature, so it will not be held to take from the legislature the power it already had to pass acts for the removal of public officers, unless such intent clearly appears and is the reasonable conclusion to be drawn from the language used. It contains no language prohibiting the legislature from passing such acts. "There can be no implication of the nonexistence of such power, but whoever would claim that the power does not exist in any particular case, must point out the provision of the constitution which has taken it away or forbidden its exercise." (*Sheehan* v. *Scott*, 145 Cal. 686, [79 Pac. 351].)

Our conclusion is that the act of 1911 is not in conflict with any constitutional provision, and is a valid exercise of legislative power. The demurrer to the petition for a writ of mandate is overruled. Let a writ of mandate issue directed to the board of trustees of the South San Joaquin Irrigation

District, commanding it to call the election asked for in the recall petition on file with it.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 21, 1916.