No. 10,304.

HALL, ET AL. v. CUMMINGS, COUNTY CLERK.

Decided March 5, 1923.

Action in mandamus. Demurrer sustained and writ discharged.

*Affirmed.*

1. OFFICERS—*State and County—County Commissioners.* A county commissioner is a county and not a state officer.

2. RECALL—*County Officers.* In the absence of legislation providing procedure therefor, county officers cannot be recalled under the provisions of article XXI of the Constitution.

*Error to the District Court of Washington County, Hon. Louis C. Stephenson, Judge.*

MR. CHALKLEY A. WILSON, Mr. J. M. TAYLOR, for plaintiffs in error.

Mr. ISAAC PELTON, Mr. JOHN F. MAIL, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was mandamus to the clerk and recorder of Washington county. A demurrer to the alternative writ was sustained and the relators bring error.

The relators and others presented to the respondent a petition for the recall of one Buckmaster as county commissioner. The clerk refused to accept it. Mandamus was brought. On demurrer sustained as above the writ was discharged.

The ground relied on in this court to support the judgment is that the county commissioner is a county officer and that county officers cannot be recalled under the so-

called recall amendment, article XXI of the Constitution, until legislation shall provide procedure therefor.

Section 1 of the amendment reads:

(a)   "Every elective public officer of the state of Colorado may be recalled   *   *   *."

(b)   "The procedure hereunder to effect the recall of an elective public officer shall be as follows:"

Then follow the detailed provisions for procedure, among which are:

(c)   That a recall petition shall be filed in the office where a nominating petition for the office in question is required to be filed.

In section 2:

(d)   "*   *   *   The officer with whom such recall petition was filed shall forthwith submit said petition   *   *   * to the governor, who shall thereupon order and fix the date for holding the election   *   *   *. *Provided,* If a general election is to be held within ninety days   *   *   * the recall election shall be held as part of said general election."

Section 4 provides that,

(e)   "If   *   *   *   the incumbent   *   *   *   is not recalled" his legitimate expenses shall be paid by the state.

(f)   "The recall may also be exercised by the electors of each county, city and county, city and town of the state, with reference to the elective officers thereof, under such procedure as shall be provided by law."

(g)   "Until otherwise provided by law, the legislative body of any such county, city and county, city and town may provide for the manner of exercising such recall powers in such counties," etc.

(h)   "Every person having authority to exercise or exercising any public or governmental duty, power or function, shall be an elective officer, or one appointed, drawn or designated in accordance with law by an elective officer or officers, or by some board, commission, person or persons legally appointed by an elective officer or officers, each of which said elective officers shall be subject to the recall

provision of this constitution; Provided, that, subject to regulation by law, any person may, without compensation therefor, file petitions, or complaints in courts concerning crimes, or do police duty only in cases of immediate danger to person or property."

No procedure for the recall of county officers has been provided by law, nor has the legislative body of Washington county, if there is such a body, provided for the manner of exercising recall powers therein.

Section 4 further provides:

(1)   "The article is selfexecuting but legislation may be enacted to facilitate its operations, but in no way limiting or restricting the provisions of this article or the powers herein reserved."

For convenience of reference we have placed bracketed letters before each of our quotations from the article in question.

That a county commissioner is a county officer requires no argument. If he is not, nobody is. That he is not a state officer seems equally clear because he has not the qualities. See *People v. Higgins,* 67 Colo. 441, 184 Pac. 365, and cases there cited. There is no exact definition of state officer, but if there is any officer in the state who is not such, the county commissioner is he. *Dixon v. People,* 53 Colo. 527, 127 Pac. 930; *Chambers v. People, ex rel.,* 70 Colo. 496, 498, 202 Pac. 1081.

The real question is whether a county officer can be recalled without further legislation.

We think that this question was correctly decided by the court below, and that the judgment must be affirmed both on the authority of *Guyer v. Stutt,* 68 Colo. 422, 191 Pac. 120, and because the contents of article XXI, when carefully examined and compared, indicate that the procedure specified therein was not intended to cover the case of a county or municipal officer.

In reaching this conclusion we are not unmindful of the rule that because the article itself provides that it shall be selfexecuting we must, if possible, so construe it as to

make it so, *People, ex rel. v. Bradley, et al.,* 66 Colo. 186, 179 Pac. 871; but we do not think that the article can be reasonably construed to provide for the recall of a county officer.

Plaintiffs in error claim that the procedure is so intended because paragraph (b) above quoted relates to all elective public officers instead of elective public officers of the state; but if so why does not clause (a) omit the words "of the state of Colorado"? Since it does not, and since not elsewhere in the article is there any statement that any other elective public officer may be recalled under its provisions, it is fair to say that clause (b) referred to state officers only. This conclusion is strengthened by the provision that, under clause (d), the petition must be submitted to the Governor and that the Governor must order the election and fix the date for holding it, and by the provisions of clause (e) that the state shall pay the election expenses of the unrecalled incumbent.

These are remarkable provisions with reference to counties, still more with reference to cities and towns, and incompatible with the organization of a city and county, yet counties, cities, cities and counties, and towns are in the same category in clause (f) and if it was intended by the article itself to provide for procedure against county officers, it was against officers of cities, cities and counties and towns.

Again, as suggested above, it is almost incredible that if it was intended that any other than a state officer should be subject to the procedure in section 1, it should not have been definitely so expressed in that same section.

There is little, worthy of consideration, to suggest that county officers were intended to be included until we reach clause (f) ; and this clause was regarded by this court in *Guyer v. Stutt, supra,* as requiring further legislation before there could be such recall; and though the peculiar use of the word "also" therein leaves the clause subject to the construction that the further legislation is to be a substituted or supplemental method of procedure, yet the

more obvious and natural meaning is that further legislation is necessary, and procedure is thereby permitted because not otherwise provided for. This construction is further strengthened by clause (g), which is intended to permit the county itself to provide for recall of its officers. The purpose of this provision is intelligible if we suppose the framers apprehended that some municipality might wish to act and find the legislature too slow; but that could not have been their purpose if they had already created a procedure for the county. Then, too, what is the purpose of the words "until otherwise provided by law."? If we agree with plaintiffs in error we must say that although the Constitution provides sufficient procedure, yet the county may provide its own procedure; but when the General Assembly provides procedure, it shall supersede that of the county, that is, that the General Assembly may prevent the counties' provisions but the Constitution does not. Do not these things indicate that the framers thought that the Constitution did not provide for recall of county officers? It seems clear that they thought that by clauses (f) and (g) they were permitting legislation to extend the recall to county and municipal officers.

Clause (h) is relied on strongly by the plaintiffs in error. They claim that the effect of the clause is substantially that every person who has authority to exercise, or who exercises any public function shall be deemed to be either an elective officer or an appointed officer, and that every elective officer shall be subject to the recall provision of the article itself. The clause (h) is perhaps capable of that construction, but it was repudiated by the decision of *Guyer v. Stutt, supra.* If it were correct, a school director would be within the terms of the article itself and subject to procedure therein provided, yet that case held he was not. In view, therefore, of that decision, the able argument of the plaintiffs in error upon this point must be disregarded.

Plaintiffs in error also suggest as to clause (c) that if the procedure related merely to state affairs, it would sim-

ply require the petition to be filed in the office of secretary of state. This suggestion is not without force, but we do not regard it as sufficient to overcome the suggestions we have made.

Judgment affirmed.