Hon. Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Buchanan:
I am writing in response to your request for an opinion on the following question:
QUESTION PRESENTED AND CONCLUSION
1. May a county officer successfully recalled in a recall election, place his name in nomination to succeed himself in that office in the subsequent special election?
It is my conclusion that he may not.
ANALYSIS
Article XXI of the Colorado Constitution sets forth the constitutional authority for recall from office of state officers. Section 3 provides for a recall election at which the official ballot is to be printed with the question of recall, and with the names of those persons nominated as candidates to succeed the person sought to be recalled. Section 3, as it provides for a single election and single ballot, contains the following prohibition;
 The name of the person against whom the petition is filed shall not appear on the ballot as a candidate for the office.
The Colorado Supreme Court, in Guyer v. Stutt, 68 Colo. 422,191 P. 120 (1920) held that Article XXI applies only to officers whose duties and powers are coextensive with the state as distinguished from county, city, town, district and school officers. A subsequent decision, Hall v. Cummings,73 Colo. 74, 213 P. 328 (1923) held that under both Guyer
and the explicit provisions of Article XXI, Section 4, county officers could not be recalled under the Constitution without further legislation.
Such legislation was enacted by the General Assembly in 1935. The legislation which established the right of recall for county officers, now codified as C.R.S. 1973, 30-10-201 etseq., substantially mirrors Article XXI as to form and sufficiency of petition. However, the 1975 Session Laws amended 30-10-204, Resignation — vacancy — nomination ofcandidates, and provided that a subsequent special election to elect a successor be held, separate from a successful recall election. Consequently, all references to the combination recall/election ballot were repealed by S.B. 430, including the provision that the person against whom the recall was filed could not appear on the ballot as a candidate for the office.
The Colorado Supreme Court, in Bernzen v. Boulder,186 Colo. 81, 525 P.2d 416 (1974) considered a city charter recall provision which paralleled Article XXI, except for the exclusion of Section 3, prohibiting a recalled candidate from running in an election to succeed himself. The court held that such succession conflicted with the constitutional provisions.
 Article XXI, Section 4 of the Colorado Constitution delegates the recall power to the subordinate levels of state government. However, in view of the fundamental nature of the recall power and our reading of the applicable paragraphs of Section 4, this delegation of power must be limited to procedural matters and substantive provisions not in conflict with the state constitution.
. . . .
 We view this (Section 3) as a substantive provision of the recall process. To allow one who has been recalled to run in an election to succeed himself, where it would be possible to be elected by a plurality of the vote cast, would frustrate the will of the majority who had successfully invoked the recall election. Id. at 87, 89, 525 P.2d at 419, 420 (footnote omitted).
SUMMARY
In light of the Bernzen decision, it is my opinion that recall legislation enacted by subordinate governments is enacted to facilitate the operation of Article XXI of the Colorado Constitution. Such legislation may in no way limit or restrict the provisions of the Constitution, or the powers reserved therein. The prohibition against succession to the office from which the candidate has successfully been recalled is a substantive provision of Article XXI, and as such, must control over subsequent legislation.
Very truly yours,
 J.D. MacFARLANE Attorney General
SECRETARY OF STATE ELECTIONS COUNTY OFFICERS AND EMPLOYEES
C.R.S. 1973, 30-10-201
C.R.S. 1973, 30-10-204
Colo. Const. art. XXI
SECRETARY OF STATE DEPT. Elections, Div. of
Recalled officer can't succeed himself.