## No. 28456

### The People of the State of Colorado v. Joseph E. Losavio, Jr.

(606 P.2d 856)

Decided February 19, 1980.

---

Elvin L. Gentry, Special Prosecutor, for plaintiff-appellant.

Patti F. O'Rourke, for defendant-appellee.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

Elvin Gentry was appointed as a special prosecutor for Pueblo County. He presented evidence to an Additional Panel of the 1977 Pueblo County Statutory Grand Jury which resulted in the indictment of the district attorney for the Tenth Judicial District, Joseph E. Losavio, Jr. The indictment charged that the district attorney had overspent his budget for the years 1974, 1975, and 1976 in violation of section 29-1-113, C.R.S. 1973 (now in 1977 Repl. Vol. 12) (no contract to exceed appropriation) and section 29-1-118, C.R.S. 1973 (now in 1977 Repl. Vol. 12) (Violation is malfeasance — removal).[1]

Subsequent to his indictment, the district attorney filed a motion to dismiss, asserting that he was a "state officer" and that the exclusive remedy by which he could be removed from office was by impeachment pursuant to Article XIII, section 2 of the Colorado Constitution. The trial court granted the motion to dismiss the indictment and the question of

---

[1] Section 29-1-118, C.R.S. 1973 provides:
"Any member of the governing body of any county, city, or town or any member, officer, employee, or agent of any department, board, commission, or other spending agency who knowingly or willfully fails to perform any of the duties imposed upon him by this part 1 or who knowingly and willfully violates any of its provisions is guilty of malfeasance in office and, upon conviction thereof, the court shall enter judgment that such officer so convicted shall be removed from office. It is the duty of the court rendering any such judgment to cause immediate notice of such removal to be given to the proper officer of the county, city, town, or other proper department or officer so that the vacancy thus caused may be filled."

whether a district attorney may be removed from office under section 29-1-118, C.R.S. 1973 is now before us on appeal.

■ By its terms, section 29-1-118, C.R.S. 1973 provides a mechanism for the removal of "[a]ny member of the governing body of any county, city, or town or any member, officer, employee, or agent of any department, board, commission, or other spending agency." This removal procedure, however, does not apply to a district attorney. First, the district attorney is not a member of the governing body of *any* county, city, or town. Under Article VI, Section 13 of the Colorado Constitution, the district attorney is an elected officer in a judicial district which may include one or *more* counties. *See e.g. Johnson v. Board of County Commissioners*, 174 Colo. 350, 483 P.2d 1344 (1971). "A district attorney is not a county or precinct, but a district, officer . . . ." *Merwin v. Board of County Commissioners*, 29 Colo. 169, 67 P. 285 (1901). Second, a judicial district as such does not have the constitutional authority to appropriate money or levy taxes. Consequently, although the district attorney's office, in fact, spends money derived from the various counties that comprise its judicial district, the district attorney's office is not a spending agency of any one of the counties, cities, or towns that are found in the district, as contemplated by section 29-1-118, C.R.S. 1973.

■ Sections two and three of Article XIII of the Colorado Constitution (hereinafter sections 2 and 3) provide:

"Section 2. Who liable to impeachment — judgment — no bar to prosecution. The governor and other state and judicial officers, except county judges . . . shall be liable to impeachment for high crimes or misdemeanors or malfeasance in office, but judgment in such cases shall only extend to removal from office and disqualification to hold any office of honor, trust or profit in the state. The party, whether convicted or acquitted, shall, nevertheless, be liable to prosecution, trial, judgment and punishment according to law.

"Section 3. Officers not subject to impeachment subject to removal. All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office in such manner as may be provided by law."

At the hearing on the motion to dismiss, the special prosecutor conceded that the district attorney was a state officer for the purposes of section 2, but he argued that section 2 was not exclusive in its provision for the removal of state officers. We disagree with the special prosecutor's contention.

■ The district attorney is a state officer. *People v. Gibson*, 53 Colo. 231, 125 P. 531 (1912); *Stainer v. San Luis Valley Land & Mining Co.*, 166 F.2d 220 (8th Cir. 1908). *See also Johns v. Miller*, 42 Colo. App. 97, 594 P.2d 590 (1979). In our view, the provisions of sections 2 and 3 are mutually exclusive: Section 2 provides that the governor and other state and judicial officers are subject to removal only by

impeachment;[2] section 3 provides that all other officers not subject to impeachment are subject to removal as may be provided by law. The special prosecutor's contention that a state officer can be impeached under section 2, or, in the alternative, can be removed according to the provisions of a legislative statute, contradicts the specific language of section 3, and is inconsistent with the plain and unambiguous language employed in Article XIII. *Cf. Roberts v. People ex rel. Hicks*, 77 Colo. 281, 235 P. 1069 (1925).

Accordingly, we affirm the trial court in its dismissal of the indictment.

---

[2] We note that under Article XII, Section 4 of the Colorado Constitution, the district attorney may be disqualified from holding office if he has been convicted of certain specified offenses. In addition, the district attorney may be subject to a recall by the voters of his district through a recall election pursuant to Article XXI of the Constitution.