Walt GRODITSKY, et al.,
Petitioners-Appellees,

v.

Darrell PINCKNEY,
Respondent-Appellant,

v.

Floyd SACK, et al.,
Protestants-Appellants.

Walt GRODITSKY, et al.,
Petitioners-Appellees,

v.

Thomas YOUNG, Respondent-Appellant,

v.

Floyd SACK, et al.,
Protestants-Appellants.

Nos. 82SA171, 82SA172.

Supreme Court of Colorado,
En Banc.

April 4, 1983.

Raule G. Nemer, Denver, for petitioners-appellees.

Calkins, Kramer, Grimshaw & Harring, Charles E. Norton, James S. Bailey, Jr., Denver, for respondents-appellants.

NEIGHBORS, Justice.

This is a consolidated appeal of the decision made by the district court sustaining petitions for the recall of the respondents and upholding the constitutionality of the statutory scheme providing for the recall of special district directors.[1] We affirm.

## I.

On March 5, 1982, petitions demanding the recall of Darrell Pinckney and Thomas Young (respondents) from their positions as directors of the Bancroft Fire Protection District were filed in the Jefferson County District Court pursuant to section 32–1–906, C.R.S.1973 (1982 Supp.). The grounds for recall alleged in the petitions were that the respondents failed. to provide adequate manpower at district fire stations, created conflicts of interest by promoting their private business interests, attempted to undermine the district and replace it with a private company, attempted to undermine the civil service system by dismissing a civil servant, delayed hiring of firemen, and failed to follow the laws of this state in discharging their duties.

On March 16, 1982, the respondents filed protests to the petitions as permitted by section 32–1–906(3), C.R.S.1973 (1982 Supp.). They claimed that the allegations made in the recall petitions were false and that the recall procedure authorized by section 32–1–906, C.R.S.1973, was unconstitutional. The district court sustained the petitions and upheld the constitutionality of the statute. The court set the recall election for May 5, 1982. The election was held and the respondents were recalled from office.

## II.

When faced with a constitutional challenge to a statute authorizing the recall of elected public officials, we must apply two fundamental legal principles. First, a

---

1. The pertinent provisions of section 32–1–906, C.R.S.1973 (1982 Supp.), provide as follows:

   **"32–1–906. Directors subject to recall—procedures.** (1) Any director elected to the board of any special district who has actually held his office for at least six months may be recalled from office by the electors of the special district. A petition signed by three hundred electors entitled to vote for a successor of the incumbent sought to be recalled, or forty percent of said electors, whichever number is the lesser, demanding the recall of any director named in said petition, shall be filed in the court. A notice of the filing of such petition shall be mailed by the clerk of the court to any director sought to be re-called at the mailing address of said director, as filed with the secretary, or at the business address of the special district.

   "(2) A recall petition shall contain a general statement, in not more than two hundred words, of the grounds on which such recall is sought. Such statement shall be for the information of the electors, and the electors shall be the sole and exclusive judges of the legality, reasonableness, and sufficiency, but not the truth, of such grounds assigned for recall, and such grounds for recall shall not be open to review in any court or proceedings. A recall petition shall also contain the name of a person or persons representing the signers thereof."

statute is presumed to be constitutional. The person attacking the constitutionality of a legislative enactment must prove it is unconstitutional beyond a reasonable doubt. *People v. Caponey,* 647 P.2d 668 (Colo.1982); *Mr. Lucky's, Inc. v. Dolan,* 197 Colo. 195, 591 P.2d 1021 (1979); *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973). Second, the power of recall is a fundamental constitutional right of Colorado citizens and the reservation of this power in the people must be liberally construed. *Hazelwood v. Saul,* 619 P.2d 499 (Colo.1980); *Bernzen v. City of Boulder,* 186 Colo. 81, 525 P.2d 416 (1974); *Brooks v. Zabka,* 168 Colo. 265, 450 P.2d 653 (1969).

### A.

■ The respondents first argue that the recall provisions contained in article XXI of the Colorado Constitution do not apply to special district directors. We disagree for two reasons. First, the statute providing for the recall of special district directors is enabling legislation expressly authorized by section 4 of article XXI of the Colorado Constitution. Second, the recall of special district directors is a lawful subject for legislation enacted by the General Assembly because such legislation is not prohibited by article XXI of the Colorado Constitution.

The constitutional framework governing recall of elected public officials is contained in article XXI of the Colorado Constitution. Section 1 provides that "[e]very elective public officer of the state of Colorado may be recalled from office at any time by the electors .…" Section 1 governs the contents of the petition, the number of persons required to sign the petition, and vests in the electors the sole responsibility for judging the "legality, reasonableness and sufficiency" of the grounds for recall stated in the petition. Section 2 establishes the form of the recall petition and prescribes other requirements not involved in this case. In addition to promulgating other procedural requirements, section 4 provides that "[t]he recall may also be exercised by the electors of each county, city and county, city and town of the state, with reference to the elective officers thereof, under such procedure as shall be provided by law." The pertinent provisions of article XXI, section 4 of the Colorado Constitution applicable to this case state as follows:

"Every person having authority to exercise or exercising any public or governmental duty, power or function, shall be an elective officer, or one appointed, drawn or designated in accordance with law by any elective officer or officers, or by some board, commission, person or persons legally appointed by an elective officer or officers, *each of which said elective officers shall be subject to the recall provision of this constitution.…*

.…

"This article is self-executing, but legislation may be enacted to facilitate its operations, *but in no way limiting or restricting the provisions of this article, or the powers herein reserved."* (Emphasis added.)

■ Our decisions in *Guyer v. Stutt,* 68 Colo. 422, 191 P. 120 (1920), and *Hall v. Cummings,* 73 Colo. 74, 213 P. 328 (1923), construing section 4 and upon which the respondents rely, are not controlling in this case. The decisions announced in those cases have been limited to establishing the principle that subordinate levels of state government must enact enabling procedural legislation before their officials are subject to recall. *Bernzen v. City of Boulder,* 186 Colo. at 87 n. 1, 525 P.2d 416. To the extent that our decisions in *Guyer·v. Stutt, supra,* and *Hall v. Cummings, supra,* hold that elective officers of subordinate units of state government may not be recalled under article XXI, section 4, those cases are overruled.[2] We perceive the intent of the

---

**2.** In commenting on section 4 of article XXI, the court in *Guyer* stated:

"It is practically impossible to understand or construe this section because of its ambiguity. The trial court said, 'it contains an extra-ordinary jumble of confused ideas in hopeless conflict', in which we concur. It is claimed it makes all elective public officers having authority to exercise or exercising any public or governmental duty, power or function sub-

framers of article XXI, section 4 of the Colorado Constitution to be clear: Every elective officer who discharges a governmental function is subject to recall, provided there is a constitutional provision or enabling legislation prescribing the procedure to be followed.

A recall provision in a constitution is intended as a reservation in the people of the power to recall any official without judicial interference. *State ex rel. Riedman v. Baillie,* 62 N.D. 705, 245 N.W. 466 (1932). "[Colorado's] constitution is an instrument of limitation of authority and is not an instrument which grants authority. . . ." *People ex rel. Union Trust Co. v. Superior Court,* 175 Colo. 391, 394, 488 P.2d 66 (1971). Therefore, in the absence of an express or necessarily implied constitutional prohibition, the General Assembly has plenary powers of civil government. *In the Interest of Y.D.M.,* 197 Colo. 403, 593 P.2d 1356 (1979); *People ex rel. Tucker v. Rucker,* 5 Colo. 455 (1880).

In analyzing the issue before us, we must determine only whether the legislature's enactment of the statute providing for the recall of special district directors and establishing the recall procedure is expressly or impliedly prohibited by the Colorado Constitution, not whether it is authorized. *In Re Kindergarten Schools,* 18 Colo. 234, 32 P. 422 (1893). The respondents, as special district directors, are not officers of a town, city, or county. They are officers of a quasi-municipal corporation and political

subdivision of the State of Colorado. Sections 32–1–102 and 32–1–1001, C.R.S.1973 (1982 Supp.). There is no express or necessarily implied constitutional prohibition contained in article XXI, section 4 against including directors of special districts as elective officers who are subject to recall. *See In Re Kindergarten Schools, supra.*

### B.

The respondents' next argument is that special district directors may be removed from office only in accordance with article XIII, section 3 of the Colorado Constitution, which provides: "All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office in such manner as may be provided by law." The respondents claim that section 32–1–906, C.R.S.1973, is unconstitutional because it permits special district directors to be recalled for reasons which do not constitute misconduct or malfeasance in office.

Article XIII of the Colorado Constitution governs impeachment and removal of public officials from office. Section 1 establishes the procedure to be followed in impeachment proceedings. Section 2 enumerates the classes of state and judicial officers who are "liable to impeachment for high crimes or misdemeanors or malfeasance in office. . . ." Section 3 provides for the removal of all other officers for "misconduct or malfeasance in office." Sections 2 and 3 contemplate removal from office

ject to recall through the procedure and in the manner provided in Sec. 1. If such was the intention, it is beyond comprehension why the drawers of the amendment did not say in Sec. 1 that every public officer exercising any public or governmental duty, power or function should be subject to recall through the procedure and in the manner therein provided, without particularly specifying any class. By classifying practically all of the elective public officers, and omitting school directors, it would seem they were intentionally omitted from the recall. The framers of the amendment must be presumed to have intended what is expressly and specifically therein stated rather than what might be inferred from the use of ambiguous generalities. It is a rule of construction that a particular power which is clear and definite

should be given effect as against a confusing general expression, and especially so when to give the effect contended for would make the clear specific provisions unnecessary and surplusage."
68 Colo. at 427, 191 P. 120. In *Hall, supra,* the court stated:
"Clause (h) is relied on strongly by the plaintiffs in error. They claim that the effect of the clause is substantially that every person who has authority to exercise, or who exercises any public function shall be deemed to be either an elective officer or an appointed officer, and that every elective officer shall be subject to the recall provision of the article itself. The clause (h) is perhaps capable of that construction, but it was repudiated by the decision of *Guyer v. Stutt, supra.*"
73 Colo. at 78, 213 P. 328.

for cause. Recall, on the other hand, may be used for a purely political reason. The purpose underlying recall of public officials for political reasons is to provide an effective and speedy remedy to remove an official who is unsatisfactory to the public and whom the electors do not want to remain in office, regardless of whether the person is discharging his or her duties consistent with his or her abilities and conscience. *Dunham v. Ardery,* 43 Okl. 619, 143 P. 331 (1914).

Our decision in *People v. Losavio,* 199 Colo. 212, 606 P.2d 856 (1980), provides an illustration of the difference between impeachment and removal for cause under article XIII of the Colorado Constitution and recall under article XXI. In *Losavio,* the public official-defendant was the district attorney. He was indicted for overspending his budget in violation of section 29–1–113, C.R.S.1973 (now in 1982 Supp. to 1977 Repl.Vol. 12).[3] Section 29–1–118, C.R.S.1973 (1977 Repl.Vol. 12),[4] provided that upon conviction, the person was to be removed from office. However, the statute applied only to "[a]ny member of the governing body of any county, city, or town or any member, officer, employee, or agent of any department, board, commission, or other spending agency. . . ." We held that the district attorney is a state officer and not subject to removal under section 3 of article XIII and section 29–1–118, C.R.S.1973. The exclusive remedy for removal of a state officer under article XIII is section 2. However, we observed that "the district attorney may be subject to recall by the voters of his district through a recall election pursuant to Article XXI of the Constitution." *People v. Losavio,* 199 Colo. at 215 n. 2, 606 P.2d 856.

The California Constitution contains a provision similar to section 3 of article XIII of the Colorado Constitution. In *Wigley v. South San Joaquin Irrigation Dist.,* 31 Cal. App. 162, 159 P. 985 (1916), the California Court of Appeals held that the legislature had the power to pass statutes authorizing the recall of directors of irrigation districts. *See also Dunham v. Ardery, supra.*

■ We hold that the power to remove public officials pursuant to article XIII and the power of recall under article XXI of the Colorado Constitution are cumulative and concurrent rather than exclusive remedies available to the people. *Cary v. Council of City of Binghamton,* 178 Misc. 265, 33 N.Y. S.2d 836 (1942); *State ex rel. Burns v. Linn,* 49 Okl. 526, 153 P. 826 (1915); *Hoertkorn v. Sullivan,* 67 Cal.App.2d 151, 153 P.2d 367 (1944); *Coffey v. Superior Court,* 147 Cal. 525, 82 P. 75 (1905). In so deciding, we give efficacy to both constitutional provisions. *In Re Interrogatories of United States Dis-*

---

3. Section 29–1–113, C.R.S.1973, provides:

"**29–1–113. No contract to exceed appropriation.** During the fiscal year, no officer, department, board, commission, or other spending agency shall expend or contract to expend any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money for any of the purposes for which provision is made in the appropriation ordinance or resolution, including any legally authorized amendments thereto, in excess of the amounts appropriated in said ordinance or resolution for such officer, department, board, commission, other spending agency, or purpose for such fiscal year. Any contract, verbal or written, made in violation of this section shall be void as to the local government, and no moneys belonging thereto shall be paid thereon. Nothing contained in this section shall prevent the making of contracts for governmental services or the capital outlay for a period exceeding one year in school districts or if such contracts are allowed otherwise by law. Any contract so made shall be executory only for the amounts agreed to be paid for such services to be rendered in succeeding fiscal years."

4. Section 29–1–118, C.R.S.1973, provides:

"**29–1–118. Violation is malfeasance—removal.** Any member of the governing body of any county, city, or town or any member, officer, employee, or agent of any department, board, commission, or other spending agency who knowingly or willfully fails to perform any of the duties imposed upon him by this part 1 or who knowingly and willfully violates any of its provisions is guilty of malfeasance in office and, upon conviction thereof, the court shall enter judgment that such officer so convicted shall be removed from office. It is the duty of the court rendering any such judgment to cause immediate notice of such removal to be given to the proper officer of the county, city, town, or other proper department or officer so that the vacancy thus caused may be filled."

*trict Court Pursuant to Rule 21.1,* 642 P.2d 496 (Colo.1982); *People v. Higgins,* 69 Colo. 79, 168 P. 740 (1917); *People ex rel. Livesay v. Wright,* 6 Colo. 92 (1881).

### C.

Since we have determined that the provisions of article XIII, section 3 of the Colorado Constitution are not applicable to the recall of special district directors, the respondents' claim that the petitioners failed to allege facts constituting misconduct and malfeasance in office is rejected. It is not within the purview of courts to pass upon the sufficiency of the grounds in recall petitions. *Bernzen v. City of Boulder, supra.* Likewise, the respondents' argument that they were not accorded procedural due process under article XIII, section 3 is without merit.

### III.

The judgments of the trial court are affirmed.