The Honorable Tim Hutchinson Representative, District 1 Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion on the following:
 Would a recall provision in Arkansas law require a constitutional amendment or can such a provision be enacted by statute?
We understand recall to be the right of the people to remove an elected official in an effective and speedy manner because he is not giving satisfaction regardless of whether he is discharging his duty to the best of his ability and as his conscience dictates. No offense or cause is necessary for an official to be recalled; only that the people do not want him to continue in office. Dunham v. Ardery, 143 P. 331 (OK 1914).
Our Constitution has no provision regarding recall. Provisions do exist for impeachment of designated officers, Article 15, 1, and for removal of county and township officers for cause, Article 7, 27.
The Constitution is not a grant of but a restraint upon legislative power. Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279
(1964). In the absence of a restraint to enact laws regarding recall elections, the legislature has the plenary power to statutorily provide for recall. Groditsky v. Pinckney, 661 P.2d 279
(Colo. 1983). See also, State ex rel. Berdahl v. Norstad,266 N.W.2d 686 (S.D. 1936, Wigley v. South San Joaquin Irr. Dist.,159 P. 985 (Ca. 1916).
Whether constitutional provisions for impeachment or removal from office for cause prohibit recall has been decided in other states. These decisions hold recall by statute or local charter are not prohibited by these other measures to remove officers requiring some cause or offense. Groditsky, supra, Helzinger v. Gillman,105 P. 471 (Wash. 1909), Wigley, supra, Dunham, supra.
Therefore, it is my opinion that the Arkansas Constitution does not prohibit the legislature from enacting laws for recall elections. The General Assembly can do so under its plenary legislative powers without a constitutional provision expressly providing for recall.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Thomas S. Gay.