**FREE SPEECH DEFENSE COMMITTEE, an unincorporated association; Ben Scribner, in his individual capacity; and Taryn Browne, in her individual capacity, Plaintiffs–Appellants,**

v.

**David J. THOMAS, as District Attorney for the First Judicial District, and Citizens Advisory Board for the Office of the District Attorney, First Judicial District, Defendants–Appellees.**

No. 02CA1692.

Colorado Court of Appeals,
Div. II.

Oct. 9, 2003.

Baker & Hostetler, LLP, Mark D. Flink, Holli L. Hartman, Denver, Colorado; Mark Silverstein, Denver, Colorado, for Plaintiffs–Appellants.

William A. Tuthill, III, County Attorney, Patricia W. Gilbert, Assistant County Attorney, Golden, Colorado, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

Plaintiffs, Free Speech Defense Committee, Ben Scribner, and Taryn Browne, appeal a judgment denying their request for injunctive relief and declaring that defendants, David J. Thomas and Citizens Advisory Board for the Office of the District Attorney, First Judicial District, did not violate the Colorado Open Meetings Law, § 24–6–402, C.R.S.2002. We affirm.

The basic facts are undisputed. Thomas, the district attorney for the First Judicial District, established the advisory board in 1993. The board has about twenty to twenty-five members from Jefferson and Gilpin Counties. The members are chosen through a process of written application, telephone interviews, and background screening. They serve two-year terms and meet monthly.

Plaintiffs filed this action for declaratory and injunctive relief when defendants refused to allow them to attend meetings of the advisory board. Evidence was presented that the board has no formal structure or governing rules, and its members do not vote or provide written decisions or recommendations.

The court found that the evidence did not establish that board members give direction to Thomas regarding the operation of his office. According to the court, the activities of the board are to entertain and enlighten the members as to the function and accomplishments of the district attorney's office. The court also found no evidence that Thomas was ever persuaded to take action by a member's suggestion, and Thomas was not bound by anything the board told him.

Finding that the district attorney did not fit the definition of a "local public body" or a "state public body" that would be subject to the Colorado Open Meetings Law, the court denied plaintiffs' request for injunctive relief and entered a declaratory judgment in favor of defendants.

■ Plaintiffs contend that the advisory board is either a local public body or a state public body under the Colorado Open Meetings Law. We disagree.

■ Issues involving statutory interpretation constitute matters of law. Therefore our review of those issues is de novo. *Colantuno v. A. Tenenbaum & Co.*, 23 P.3d 708 (Colo.2001); *Robles v. People*, 811 P.2d 804 (Colo.1991).

A court must interpret a statute in a way that gives effect to the General Assembly's purpose or intent in enacting it. To accomplish this objective, the court must begin with the plain language of the statute. If the statute is unambiguous and does not conflict with other statutory provisions, we need look no further. Only if the language is ambiguous do we look to legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme to ascertain the correct meaning of the statute. *People v. Luther*, 58 P.3d 1013 (Colo.2002).

Based on the evidence here, the court concluded that the district attorney did not fit any of the applicable definitions. We agree that the district attorney has not violated the statute.

Section 24-6-401, C.R.S.2002, provides: "It is declared to be a matter of statewide concern and the policy of this state that the formation of public policy is public business and may not be conducted in secret."

Section 24-6-402(2), C.R.S.2002, describes the meetings that must be open, including, as relevant here, the following:

(a) All meetings of two or more members of any state public body at which any public business is discussed or at which any formal action may be taken are declared to be public meetings open to the public at all times.

(b) All meetings of a quorum or three or more members of any local public body, whichever is fewer, at which any public business is discussed or at which any formal action may be taken are declared to be public meetings open to the public at all times.

Section 24-6-402(1), C.R.S.2002, defines the entities subject to those open meeting requirements, including the following:

(a) "Local public body" means any board, committee, commission, authority, or other advisory, policy-making, rule-making, or formally constituted body of any political subdivision of the state *and* any public or private entity to which a political subdivision, or an official thereof, has delegated a governmental decision-making function but does not include persons on the administrative staff of the local public body.

. . . .

(c) "Political subdivision of the state" includes *but is not limited to,* any county, city, city and county, town, home rule city, home rule county, home rule city and county, school district, special district, local improvement district, special improvement district, or service district.

(d) "State public body" means any board, committee, commission, or other advisory, policy-making, rule-making, decision-making, or formally constituted body of any

state agency, state authority, governing board of a state institution of higher education including the regents of the university of Colorado, a [certain type of] nonprofit corporation ... or the general assembly, *and* any public or private entity to which the state, or an official thereof, has delegated a governmental decision-making function but does not include persons on the administrative staff of the state public body.

(Emphasis added.)

Plaintiffs argue, based on the definition of "local public body," that the district attorney is a political subdivision that created an advisory body. Alternatively, plaintiffs argue that under the definition of "state public body," the district attorney is a "state agency" or a "state authority" that created an advisory body. We reject both arguments.

■ We perceive no ambiguity in the statute. As relevant here, the first part of the definition of "local public body" includes any advisory body "of any political subdivision of the state." A district attorney is not included in the definition of a "political subdivision of the state." The district attorney is a state officer and a member of the executive branch of state government. *See People v. Macrander,* 828 P.2d 234 (Colo.1992); *People v. Dist. Court,* 186 Colo. 335, 527 P.2d 50 (1974).

Also, in contrast to the entities enumerated under the definition of "political subdivision," the district attorney is elected by the electors of a judicial district. *See* Colo. Const. art. VI, § 13 (district attorneys); *see also* Colo. Const. art. XIV, § 1 (counties); § 31-2-101, et seq., C.R.S.2002 (cities and towns).

The second part of the definition of "local public body" includes any "entity to which a political subdivision, or an official thereof, has delegated a governmental decision-making function." Even if the district attorney were such a political subdivision or official, the trial court here found that no governmental decision-making function had been delegated to the advisory board, and plaintiffs do not contest this finding on appeal.

Rather, plaintiffs argue that the district attorney's advisory board falls within the

group of bodies defined within the first part of the definition. They assert that because the definition of a "political subdivision of the state" includes the phrase "but is not limited to," the fact that judicial districts are not listed within the definition is not determinative. We disagree.

The district attorney is not a member of the governing body of any county, city, or town, nor is the district attorney's office a spending agency of any of those political subdivisions. *People v. Losavio*, 199 Colo. 212, 606 P.2d 856 (1980).

All of the entities included in the definition of a "political subdivision of the state" are locally governed, multi-member entities created pursuant to state authority. None of the entities listed is similar to a judicial district or a district attorney.

We therefore conclude that the district attorney is not a political subdivision under the statute, and thus, his advisory board is not a local public body.

Nor is the district attorney a state agency or state authority under the definition of a "state public body."

The first part of the definition of a "state public body" includes an advisory body of any "state agency" or "state authority." These terms are not defined by the statute.

As defendants note, the terms "state agency" and "state authority" generally refer to state departments and other bodies of the state that, unlike the district attorney, are governed by boards, commissions, or other multi-member bodies. *See Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239 (Colo. 2001)(state personnel board is a state agency); *T.L. v. Colo. Dep't of Health Care Policy & Fin.*, 42 P.3d 63 (Colo.App.2001)(Colorado Department of Health Care Policy and Financing is a state agency); *see also* § 8–45–101, C.R.S.2002 (creating Colorado Compensation Insurance Authority); § 12–47–304, C.R.S.2002 (state liquor licensing authority).

The second part of the definition of "state public body," like the second part of the definition of "local public body," refers to the term "official," and thus distinguishes "officials" from a state agency or state authority. Had the General Assembly intended to include officials with the enumerated entities in the first part of the definition, it could have done so. *See James v. Bd. of Comm'rs*, 200 Colo. 28, 611 P.2d 976 (1980)(observing that nowhere in statute is an urban renewal authority described as a state agency or authority).

We thus conclude that the advisory board of the district attorney is not a "state public body" under the first part of the definition of that term.

Plaintiffs rely on *Zubeck v. El Paso County Retirement Plan*, 961 P.2d 597 (Colo.App. 1998), in which a division of this court determined that a county retirement plan was an agency or instrumentality of the county subject to the Colorado Open Meetings Law and the Colorado Open Records Act. There, however, the division did not address whether the district attorney is a state agency, a state authority, or a political subdivision of the state.

Nor does *Costilla County Conservancy District v. Board of County Commissioners*, 64 P.3d 900 (Colo.App.2002) (*cert. granted* Feb. 3, 2003), compel a different conclusion. There, a division of this court held that a meeting organized by other government entities, and attended by two of the three county commissioners as well as other private citizens and county officials, fell under the Colorado Open Meetings Law, even though the commissioners made no presentation and did not participate in discussions. However, there the issue was whether the meeting was governed by the statute. The division did not address whether the board of county commissioners was a local public body covered by the statute.

Plaintiffs also cite cases from other jurisdictions holding that certain individuals were public entities and that the individuals' advisory boards were covered by the sunshine laws of those states. *See Krause v. Reno*, 366 So.2d 1244 (Fla.Dist.Ct.App.1979); *MacLachlan v. McNary*, 684 S.W.2d 534 (Mo.Ct. App.1984); *S. Harrison Township Comm. v. Bd. of Chosen Freeholders*, 210 N.J.Super. 370, 510 A.2d 42 (App.Div.1986); *Thomas v. White*, 85 Ohio App.3d 410, 620 N.E.2d 85 (1992); *Quality Towing, Inc. v. City of Myr-*

*tle Beach,* 345 S.C. 156, 547 S.E.2d 862 (2001). However, all these cases involved appointed municipal officials or committees appointed by multi-member public bodies. They did not involve elected officials and, thus, are distinguishable.

Finally, plaintiffs argue that the statute should be broadly construed because as originally enacted, it included only state agencies or authorities, *see James v. Board of Comm'rs, supra* (citing an earlier version of § 24–6–402), and the General Assembly later expanded the statute to include any "local" or "state" public bodies. *See* § 24–6–402, C.R.S.2002. We conclude such a broad construction is unwarranted where, as here, the General Assembly was very specific in defining the entities whose meetings were to be open to the public. The district attorney's advisory board is not within those definitions.

Because of our disposition, we do not address plaintiffs' additional contentions.

The judgment is affirmed.

Judge ROTHENBERG and Judge GRAHAM concur.