[No. 955. Decided June 14, 1893.]

THE STATE OF WASHINGTON, *on the relation of John W. Stearns*, v. ANDREW H. SMITH.

SUPREME COURT — MANDAMUS AS TO STATE OFFICERS — REGENT
OF AGRICULTURAL COLLEGE.

A member of the board of regents of the agricultural college is not a state officer over whom the supreme court has original jurisdiction in *mandamus* proceedings, within the meaning of §4, art. 4, of the constitution. (DUNBAR, C. J., dissents.)

*Original Application for Mandamus.*

*James A. Haight,* for relator.
*Calkins & Shackleford,* for respondent.

The opinion of the court was delivered by

STILES, J.— Under a showing of an emergency the relator in this proceeding obtained from this court an alternative writ of *mandamus* requiring respondent, as ex-treasurer of the board of regents of the agricultural college, to turn over certain moneys alleged to be in his possession to his successor in office, the relator. The respondent has demurred to the alternative writ on the ground that this court has no jurisdiction of the proceeding, and we find upon a more careful examination of the constitution of the state that he is right.

Sec. 4, art. 4, of the constitution confers upon this court original jurisdiction in *mandamus* as to all "state" officers, and the only question to be determined upon the demurrer is as to whether the respondent is a state officer within the meaning of the section mentioned. As a general rule the term state officer is only applied to those superior executive officers who constitute the heads of the executive departments of a state. The constitution does not in terms say who the state officers shall be, but it is noticeable that the third, or executive, article, which is devoted entirely to these superior officers of the state, closes with § 25, wherein it is first provided that no person excepting a citizen of the United States and a qualified elector of this state shall be eligible to hold any *state* office, and also that the compensation for *state* officers shall not be increased or diminished during the term for which they have been elected. As used in this connection, the framers of the constitution evidently had in mind only the officers for which art. 3 provided.

Again, in art. 5, of impeachment, the second section pro-

32—6 WASH.

vides that the governor and other "state" and judicial officers, except judges and justices of courts not of record, shall be liable to impeachment. And the third section provides that all officers not liable to impeachment shall be subject to removal for malfeasance in office in such manner as may be provided by law. If "state officers" should be taken to include all officers who have to do with the state's business, officers of all grades would be subject to removal by impeachment only, and there would be no use of § 3. But it is a matter of general as well as legal knowledge that impeachments do not lie against any but the superior officers of a state, and that it is usually limited to the executive and to the judiciary, and this was the intention in this article. There has been much conflict of opinion among courts as to whether *mandamus* would lie in any case against the superior executive officers of a state, but there never has been any question but that the writ runs against the greater number of officials who, while they are doubtless officers, and may be said to be in a sense state officers, in that they transact business of a state, are always subject to control by the courts through the writ of *mandamus*.

With these obvious meanings of the term "state officer" in every other place where it is used in the constitution, why should we give it a different meaning when our own jurisdiction is concerned? The purpose of the constitution in setting up a supreme court was to provide a court for appeals; but it was deemed that cases might arise where the judicial power should be exercised against one of the chief governmental officers of the state in matters of such public importance that the cases should be at once passed upon by the supreme court, and therefore this power of *mandamus* and *quo warranto* was conferred. But it was never intended that this court should be a general resort in proceedings to set in motion the hundreds of minor officers with whom

citizens or other officers may have business.   In this case the matter can be better prosecuted in one of the superior courts than here, and it should have been commenced there.

The demurrer is sustained, and the writ discharged.

HOYT, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I am unable to agree with the majority opinion in this case.   If I read the opinion correctly, the court decides that this class of officers are state officers, but not state officers in the sense in which the term is used in § 4, art. 4, of the state constitution.   I do not think the language of the constitution justifies the construction of the majority.   There is no limitation expressed in the language, or any which in my judgment can be implied.   The language is sweeping and comprehensive.   It is that "the supreme court shall have original jurisdiction in *habeas corpus* and *quo warranto* and *mandamus* as to *all* state officers."   There is no distinction made between the superior and inferior state officers, and when it is conceded that the officer in question is a state officer it seems to me that the argument is at an end, and that the language of the constitution is not susceptible of construction.   The demurrer should be overruled.