TRAVIS COUNTY V. Z. P. JOURDAN, COUNTY TREASURER.

No. 605.—Decided November 11, 1897.

**Supreme Court—Jurisdiction—Mandamus—County Officer.**

A county treasurer, though performing functions for the State, and in a certain sense a State officer, is not an "officer of the State government," within the meaning of Rev. Stats., art. 960, and the Supreme Court has no jurisdiction over an original proceeding for mandamus to compel him to transfer money from the school fund to the county treasury proper. (P. 217.)

ORIGINAL PROCEEDING, by petition in the Supreme Court, for writ of mandamus to the County Treasurer of Travis County.

*George Calhoun*, County Attorney, for petitioner.

GAINES, CHIEF JUSTICE.—This is a petition by Travis County for a writ of mandamus to compel its County Treasurer to transfer the sum of $1694.53 from the available school fund of the county to the county treasury proper. The ground of the petition is in substance that the predecessor of the County Treasurer had misapplied that amount of the county funds to the support of the public schools of the county.

We are of opinion that we have no power to grant the writ in such a case. The sole authority given this court to grant the writ of mandamus as an original proceeding is conferred by article 946 of the Revised Statutes. That article reads as follows: "The Supreme Court, or any justice thereof, shall have power to issue writs of habeas corpus as may be prescribed by law; and the said court, or the justices thereof, may issue writs of mandamus, procedendo, certiorari and all writs necessary to enforce the jurisdiction of said court; and in term time or vacation may issue writs of quo warranto or mandamus against any District Judge or officer of the State government, except the Governor of the State." Counties are but political subdivisions of the State and most of the officers of a county perform functions for the State and are in a certain sense State officers. Jernigan v. Finley, 90 Texas, 205; Fears v. Nacogdoches County, 71 Texas, 337. But it does not follow, that they are "officers of the State government" within the meaning of the article just quoted. If it had been the intention of the Legislature to confer jurisdiction upon this court to grant the writ of mandamus against any State officer, using those words in their widest sense, it would not have been necessary to provide expressly that the court might issue the writ against any District Judge. The mention of that officer clearly shows that it was not the purpose to include within the meaning of the term "officers of the State government" any other officer of a district; and for a stronger reason, such officers as are commonly known as county officers.

The petition must therefore be dismissed and it is so ordered.

*Dismissed.*