No. 9229.

## GUYER v. STUTT.

1. CONSTITUTIONAL LAW—*The Recall of Officers—School Director.* Section 1 of Article 21 of the Constitution (Laws 1913, p. 672) applies only to elected public officers of the state. City, county and town officers may be recalled under section 4 of the Act.

2. SCHOOL DIRECTORS—*Duties,* are performed in and relate exclusively to their own districts, respectively. That they act under the laws of the state does not constitute them officers of the state.

3. STATUTES—*Construction.* A particular power given in clear and definite words should have effect, as against general and confusing expressions, especially, when to adopt the other interpretation would render the clear and definite provision mere surplusage.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. WARWICK M. DOWNING, Mr. DOUGLAS A. ROLLER, MR. JOHN D. MILLIKEN, for petitioner in error.

Messrs. CRANSTON, PITKIN AND MOORE, for respondent in error.

Mr. Chief Justice Garrigues delivered the opinion of the court.

UPON petition in certiorari brought by Clarkson N. Guyer to review the proceedings of W. A. E. Stutt, as secretary of School District No. 1, City and County of

Denver, the District Court held that a school director is subject to recall. May 5, 1917, there was filed with Stutt, as secretary of the board, a petition for the recall of Guyer, a duly elected and qualified member of the school board. A writ of certiorari was issued to Stutt requiring him to certify all his proceedings under the recall to the District Court, which was done, and, after argument thereon, the District Court quashed the writ, and affirmed the recall proceeding, and the only question involved in the case here is whether Art. 21 of the Constitution, entitled, "Recall from Office" (S. L. 1913, p. 672), applies to school directors.

Garrigues, C. J., after stating the case as above.

Sec. 1 of the recall amendment expressly provides for the recall of "every elective public officer of the state of Colorado," and also expressly provides the procedure to be followed in exercising such power under this section. Sec. 4 provides that the recall may also be exercised with reference to the elective officers of each county, city and town, but, until otherwise provided by law, leaves the manner of exercising the recall power, as to these officers, to be provided by the legislative body of the county, city and town, showing that, for the purpose of the recall, in the sense contained in the amendment, the elective officers of counties, cities and towns are not regarded as public officers of the state, but as city, county and town officers. Of course it follows that the recall power mentioned in Sec. 4 cannot apply to county, city and town officers until the manner of exercising it shall be provided according to law. Nowhere in the instrument is it said that school directors may be recalled.

. Sec. 1, which says that every elective public officer of the state may be recalled by and through the procedure and in the manner therein stated, provides that a petition signed by electors equal in number to 25% of the vote cast at the last preceding election must be filed in the office in which petitions for nominations to office held by the incumbent are required to be filed, provided, if more

than one person is required to be elected to the office, then the petition shall be signed by electors entitled to vote for a successor equal in number to 25% of the entire vote cast at the *last preceding general election*. The petition being sufficient, Sec. 2 provides that the officer with whom it is filed shall forthwith submit it, together with a certificate of its sufficiency, to the Governor who shall order and fix the day for holding the election, provided, if a *general election* is to be held within 90 days after the date of submission of said petition the recall election shall be held as a part of the *general election*. Sec. 3 provides that the Governor shall publish notice for holding the election, and that the election officers shall make all arrangements for such election, and the same shall be conducted, returned, and the result thereof declared in all respects as in the case of *general elections*. Sec. 4 provides that during the term of office for which one is elected a second recall petition shall not be filed against him unless the signers to the petition shall equal 50% of the votes cast at the *last preceding general election*. This section further provides that if the Governor is to be recalled, the recall duties imposed upon him shall be performed by the Lieutenant Governor, and if the Secretary of State is sought to be recalled the duties imposed upon him shall be performed by the State Auditor. In addition to the recall of state officers provided for in Sec. 1, Sec. 4 provides that the recall may also be exercised by the electors of each county, city and town with reference to their elective officers, and, until otherwise provided by law, the legislative body of such county, city and town may provide for the manner of exercising the power but shall not require any such recall petition to be signed by electors more in number than 25% of the entire vote cast at the *last general election*. The amendment shows upon its face that it relates to the general biennial election in November and not the school elections. School elections in this state are not regarded as general elections within the meaning of our constitution and statutes, but as school elections.

Our constitution provides for one general election to be held every two years. Sec. 1, art. 4 provides for the election of state officers at the *general election* every two years, and sec. 3, art. 4 provides that the state officers shall be chosen by the qualified electors on the day of the *general election.* Sec. 15, art. 6 speaks of choosing district judges at the first *general election,* and that certain other named officials shall be elected at the time of holding the *general election.* Before the adoption of the recall amendment, the constitution expressly referred to the general election, in which school directors were not included. The recall amendment, by referring expressly to the *last preceding general election,* shows the recall applies to state officers only, except as it otherwise makes direct provision for the recall of city, county and town officers.

Having examined the constitution, let us now see what construction has been placed thereon by the legislature. Rev. Stat. Sec. 2137. State officers to be elected.

Sec. 2. At the *general election,* A. D. 1878, and every alternate year thereafter, there shall be elected the following state officers, to-wit, etc. Rev. Stat. 2138. Judge of Supreme Court, and other officers.

Sec. 3. At the *general election,* A. D. 1879, and every third year thereafter, there shall be elected, etc. Rev. Stat. 2139. County officers to be elected.

Sec. 4. At the *general election,* A. D. 1877, and every alternate year thereafter, there shall be elected in every county of the state the following county officers, etc. Rev. Stat. 2140. County commissioners, and other officers.

Sec. 5. At the *general election,* A. D. 1877, and annually thereafter, there shall be elected in each county of the state one county commissioner, etc.

The election laws (acts of 1911 and 1917 regarding registration of electors at general elections) expressly provide that they shall not apply to school elections.

The statute further provides that the regular term of office of all state, district, county and precinct officers shall

commence on the second Tuesday of January after their election, and that school directors shall be elected annually on the first Monday in May. The fact that no manner of procedure is given or provided for exercising the recall as to them is another ground for believing it was not intended as to school directors.

The term "general election" has a well defined meaning in our constitution and statutes, and a school election is not so regarded, and we cannot find where it has ever been so held by the courts. We are convinced the recall was intended to apply only to the elective public officers of the state except as provided in Sec. 4 for the recall of city, county and town officers. The words "every elective public officer of the state of Colorado" as used in Sec. 1 refer, for the purposes of the recall, to officers of the state as distinguished from members of school boards, county, city, town and precinct officers. In 36 Cyc. 852, under the topic of "Who are State Officers", it is said: "State officers are those whose duties concern the state at large, or the general public, although exercised within defined limits, and to whom are delegated the exercise of a portion of the sovereignty power of the state. They are in a general sense those whose duties and powers are coextensive with the state, or are not limited to any political subdivisions of the state, and are thus distinguished from municipal officers strictly, whose functions relate exclusively to the particular municipality, and from county, city, town and school-district officers."

The words "elective public officers of the state" as used in this amendment mean officers whose duties and powers are coextensive with the state, as distinguished from county, city, town, district and school officers. School directors have no jurisdiction to perform duties outside of the school district where they are elected. Their duties are performed in, and relate expressly to, their own district, and are coextensive therewith. Because they act by authority of the state law does not make them state officers. *State v. Dillon*, 90 Mo. 229, 2 S. W. 417; *Travis County v.*

*Jourdan,* 91 Tex. 217, 42 S. W. 543; *People v. Evans,* 247 Ill. 555, 93 N. E. 388; *Lane v. McLemore* (Tex. Civ. App.) 169 S. W. 1072; *State ex rel. Stearns v. Smith,* 6 Wash. 496, 33 Pac. 974; *Ex parte Wiley,* 54 Ala. 226; *State v. Hewitt,* 3 S D. 187, 52 N. W. 875, 16 L. R. A. 413, 44 Am. St. Rep. 788.

Sec. 4 provides, "Every person having authority to exercise or exercising any public or governmental duty, power or function, shall be an elective officer, or one appointed, drawn or designated in accordance with law by an elective officer or officers, or by some board, commission, person or persons legally appointed by an elective officer or officers, each of which said elective officers shall be subject to the recall provision of this constitution." It is practically impossible to understand or construe this section because of its ambiguity. The trial court said, "it contains an extraordinary jumble of confused ideas in hopeless conflict", in which we concur. It is claimed it makes all elective public officers having authority to exercise or exercising any public or governmental duty, power or function subject to recall through the procedure and in the manner provided in Sec. 1. If such was the intention, it is beyond comprehension why the drawers of the amendment did not say in Sec. 1 that every public officer exercising any public or governmental duty, power or function should be subject to recall through the procedure and in the manner therein provided, without particularly specifying any class. By classifying practically all of the elective public officers, and omitting school directors, it would seem they were intentionally omitted from the recall. The framers of the amendment must be presumed to have intended what is expressly and specifically therein stated rather than what might be inferred from the use of ambiguous generalities. It is a rule of construction that a particular power which is clear and definite should be given effect as against a confusing general expression, and especially so when to give the effect contended for would make the clear specific provisions unnecessary and surplusage. 3 Cyc. 1129; In re *Rouse, Hazard & Co.,* 91 Fed. 96, 98, 33 C. C. A. 356.

Judgment reversed and cause remanded with directions to enter the proper judgment in accordance with the views herein expressed.

Mr. Justice Scott and Mr. Justice Denison concur in the conclusion that school directors are not subject to the recall.

*En banc.*