*filed only after leave of the judge is obtained . . (emphasis added).*

A summary judgment proceeding is a trial with respect to the filing of amended pleadings under Rule 63. *Mainland Sav. Ass'n v. Wilson,* 545 S.W.2d 491, 493 (Tex.Civ.App.-Houston [1st Dist.] 1976, no writ); *Bruce v. McAdoo,* 531 S.W.2d 354 (Tex.Civ.App.-El Paso 1975, no writ). Nothing in the record before this court shows that appellants ever filed a motion for leave to amend their pleadings or otherwise brought this matter to the attention of the trial court. The point does not present error. *Houston v. Moore Investment Co.,* 559 S.W.2d 850, 853 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ).

The trial court's judgment is affirmed.

---

James S. Kelly, Kelly & Weium, Houston, for appellants.

Sam J. Meador, Thomas B. Foster, Jr., Ronald G. Fitzgerald, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

Appellants, E. W. Caples and wife, in their amended motion for additional time to file a statement of facts, have set forth a reasonable explanation of their need for such extension in accordance with rule 21c Tex.R.Civ.P. and that motion is hereby granted.

However, our decision is not to be taken as condoning the conduct of the court reporter who requires full payment of the costs of preparing the statement of facts prior to beginning transcription and who states in affidavit that "[t]his is a policy, as a result of past experience, I rigidly adhere to." On the contrary, we expressly disapprove of this policy and point out that the rules already require appellants to post bond or cash sufficient to cover all the costs which have accrued in the trial court and the costs of the statement of facts and transcript. Tex.R.Civ.P. 354. Further, both rules 354 and 365 provide for additional bond to be given if it is determined that the original amount was insufficient.

**E. W. CAPLES, et ux., Appellants,**

v.

**Phyllis Ann Doolin GOODWIN, Appellee.**

**No. B2097.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 28, 1979.

It is our opinion that the rules amply assure the reporter of payment for costs of preparing the statement of facts and that requiring full payment in advance is unwarranted. In this regard, we also direct attention to rules 376b and 376c which outline in detail the duties of reporters and of the trial judge in assuring the timely preparation of the appellate record. Provision is expressly made that ". . . each court reporter shall report in writing to the judge on a monthly basis the amount and nature of the business pending in the court reporter's office."

Motion granted.

**CINE–MATICS, INC., et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 12851.**

Court of Civil Appeals of Texas, Austin.

Feb. 28, 1979.

Mike Aranson, Dallas, for appellants.

John L. Hill, Atty. Gen., Gerald C. Carruth, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal by Cine-Matics, Inc., and three of its officers and directors from a default judgment by which they were held in contempt. By the terms of the judgment Cine-Matics was fined $500 for the contempt and also ordered to pay $60,-000 for having unlawfully transacted business in this state without a certificate of