**PAT WALKER & COMPANY, INC., Relator,**

v.

**Mary L. JOHNSON, Court Reporter, et al., Respondents.**

**PAT WALKER & COMPANY, INC., Relator,**

v.

**NINTH COURT OF CIVIL APPEALS, Respondents.**

Nos. C–428, C–445.

Supreme Court of Texas.

Oct. 28, 1981.

Rehearing Denied Nov. 25, 1981.

---

Brill, Brooks, Powell & Yount, Michael T. Powell and Kaaran Thomas, Houston, for relator.

Hightower, Bush & Jones, Bill Jones, Livingston, McClain, Harrell & McClain, Stephen W. McClain, Conreoe, for respondents.

WALLACE, Justice.

We are presented with two Petitions for Writ of Mandamus, both filed by Pat Walker & Company, Inc., (Walker). These petitions arose out of a case tried in the District Court of San Jacinto County wherein Walker was plaintiff and cross-defendant. The trial court rendered judgment against Walker who perfected an appeal to the Ninth Court of Civil Appeals. An appeal bond in the amount of $500.00 was filed with the District Clerk of San Jacinto County. Mary L. Johnson (Johnson) was the Official Court Reporter for the trial court. Upon written request by Walker containing a promise to pay reasonable fees for her services, Johnson prepared a statement of facts but refused to deliver it to Walker before she was paid her fees which she set at $2,600.00. Walker filed a Petition for Writ of Mandamus with the Ninth Court of Civil Appeals seeking an order commanding Johnson to deliver the statement of facts. At the direction of the Court of Civil Appeals, Walker filed objections to the Court Reporter fees in the trial court. The trial court held a hearing on the objections and overruled them, finding the fees were reasonable.

Walker then filed a motion pursuant to Rule 21c, Tex.R.Civ.Pro. requesting an extension of time for filing the statement of facts pending an appeal of the trial court's order overruling the objection to the court reporter's fees. The Court of Civil Appeals denied both the 21c motion and the Petition for Writ of Mandamus.

Walker now seeks from this Court a Writ of Mandamus ordering Johnson to deliver the statement of facts, or in the alternative, ordering the Court of Appeals to vacate their order denying a Writ of Mandamus and to issue a Writ of Mandamus to Johnson ordering her to deliver the statement of facts. Walker, by a separate petition, seeks to have this Court mandamus the Court of Appeals to grant the motion for extension of time to file the statement of facts. We deny both petitions.

## MANDAMUS DIRECTED TO COURT REPORTER

The constitutional authority of this Court to issue Writs of Mandamus is Tex.Const. art. V, § 3 which provides, "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified . . . ." Pursuant to that constitutional authority the Legislature enacted Article 1733, Tex.Rev.Civ.Stat.Ann. (1962), which provides, "The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, or Court of Appeals or judges thereof, or any officer of the State Government except the Governor."

■ The Supreme Court does not have original jurisdiction to issue a Writ of Mandamus against a county officer or district officer, other than a district judge. *Travis County v. Jourdan,* 91 Tex. 217, 42 S.W. 543 (1897); *Cocke v. Smith,* 142 Tex. 396, 179 S.W.2d 958 (1944). The official court reporter of a district court is a district officer not subject to mandamus power of this Court.

## MANDAMUS DIRECTED TO COURT OF APPEALS

■ Walker urges this Court to issue a Writ of Mandamus to the Court of Appeals ordering that court to mandamus Johnson to produce the statement of facts; thus achieving by indirect means what we are without authority to do directly. Original mandamus will not lie to compel the performance of a discretionary act. *Shamrock Fuel & Oil Sales Co. v. Tunks,* 416 S.W.2d 779, 782 (Tex.1967); *Industrial Accident Board v. Glenn,* 144 Tex. 378, 190 S.W.2d 805, 807 (Tex.1945). Therefore, mandamus to the Court of Appeals would lie only if there were a clear duty on the part of the court reporter to deliver the statement of facts.

■ Walker contends there was a clear duty on the part of the court reporter to deliver the statement of facts and cites several cases for authority. *Volpe v. Stephens,* 589 S.W.2d 809 (Tex.Civ.App.—Dallas 1979, no writ); *O'Neal v. County of San Saba,* 577 S.W.2d 795 (Tex.Civ.App.—Austin 1979, no writ); *Fine v. Page,* 572 S.W.2d 577 (Tex.Civ.App.—Eastland 1978, writ dism'd); *Wells v. Wells,* 570 S.W.2d 224 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *City of Ingleside v. Johnson,* 537 S.W.2d 145 (Tex.Civ.App.—Corpus Christi 1976, no writ); and *Caples v. Goodwin,* 578 S.W.2d 529 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). None of these cases are in point except *City of Ingleside v. Johnson.* *Volpe, O'Neal, Fine* and *Caples* merely ordered the reporter to prepare the statement of facts. *Wells* stated that the court reporter could not insist on being paid before delivery of the statement of facts if a bond had been filed *sufficient* to cover the transcript, statement of facts and other costs of court. In our case a bond of only $500 was filed, which was clearly insufficient to cover the transcript, statement of facts and other costs of the trial court. Walker does not contend that the bond was sufficient.

In *Ingleside,* the appellant was a home-rule city and as such was not required to file a bond. Tex.Rev.Civ.Stat.Ann. art. 1174 and art. 2072. Therefore, the language of the court which Walker interpreted as authority for it to demand the statement of facts after filing an insufficient bond is dicta and not controlling in our case.

The version of Rule 354 in effect prior to 1976 read, ". . . the appellant shall execute a bond to be approved by the clerk, payable to the appellee in a sum at least double the probable amount of the costs in the trial court and the costs of the statement of facts and transcript, to be fixed by the clerk, less such sums as may have been paid by appellant on the costs . . . ." In 1975, Rule 354 was amended, effective January 1, 1976, to read, ". . . the appellant shall execute a bond payable to the appellee in the sum of $500.00 unless the court fixes a different amount upon motion of either

party." This is the wording of the statute that was in effect at the time of the proceeding before the trial court. As worded in 1976, Rule 354 did not provide for the court reporter or other interested officers of the court to file an objection to the sufficiency of the appeal bond in order to protect their fees. This rule was amended, effective January 1, 1981, to permit such a motion on the part of any interested officer of the court. It was not the intent of this Court by rewriting Rule 354 in 1975, to permit an appellant to file a clearly insufficient bond and then be able to demand that the court reporter provide a copy of the statement of facts without payment. Rule 354 must be read in conjunction with Article 2324 which states, "The reporter . . . shall receive as compensation therefor a reasonable amount, subject to the approval of the judge of the court if objection is made thereto, taking into consideration the difficulty and technicality of the material to be transcribed and the time within which the transcript was requested to be prepared." When the statute and rule are read together, it becomes apparent that the Court of Civil Appeals was correct in directing Walker to file an objection with the trial court to the fees charged by the court reporter, and, upon the ruling of the trial court that the fees were reasonable, the Court of Civil Appeals did not abuse its discretion in denying the Writ of Mandamus. It is equally apparent that under the new Rule 354 such action by the court reporter and Court of Civil Appeals would be incorrect. Now, if the bond is insufficient to cover the court reporter's fees, the court reporter must object to the bond as filed or waive any claim for insufficiency. If the court reporter or any other officer of the court fails to object to the bond, the court reporter is now under a clear duty to deliver the statement of facts without any further action on the part of appellant.[1]

■ Walker next urges this Court to issue a Writ of Mandamus to the Court of Appeals compelling that court to grant its motion, filed pursuant to Rule 21c, Tex.R. Civ.Pro., for an extension of time to file the statement of facts. The facts before the Court of Appeals at the time of consideration of the motion for extension of time were:

(1) The statement of facts was completed and being held by the court reporter until she was paid her fees.

(2) The district court had determined that the fees were reasonable.

(3) Walker had posted a $500.00 bond knowing that the fee for the statement of facts alone was $2,600.00.

(4) Walker requested an extension of time until a final disposition of the petition Walker intended to file in the Supreme Court should the Court of Appeals deny its petition for Writ of Mandamus on file in that court.

Rule 21c states, "An extension of time *may* be granted for late filing in a court of appeals of a transcript, statement of facts, motion for rehearing, or application to the Supreme Court for writ of error, if a motion *reasonably* explaining the need therefore is filed within fifteen days of the last date for filing as prescribed by the applicable rule or rules." (Emphasis added). This language clearly indicates that the granting or denying of the extension of time is discretionary with the Court of Appeals. Because the Court of Civil Appeals has this discretion, the denial of the motion was not a ministerial act for which original mandamus will lie.

■ A further reason for denying the Petition for Writ of Mandamus is that Walker had another clear and adequate remedy at law. The denial of a motion to extend time is a matter that may be addressed by this Court when properly presented in an Application for Writ of Error. The test is whether the lower court abused it's discretion in denying the motion.

---

1. Walker had an adequate remedy which was not employed. Had a bond been filed sufficient to cover the transcript, statement of facts and other costs incurred in the trial court, the court reporter would have been under a duty to deliver the statement of facts. Walker chose not to follow that procedure and now finds itself in a self-made predicament.

Mandamus will not lie to give a party relief which could otherwise be obtained through a clear and adequate remedy at law. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (Tex.1945).

Both petitions for Writ of Mandamus are denied.