

# The Attorney General of Texas

August 31, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Thomas H. Fowler
District and County Attorney
Red River County
P. O. Box 822
Clarksville, Texas    75426

Opinion No. JM-197

Re:    Application of article
6252-26, V.T.C.S., to county
attorneys with felony responsi-
bility

Dear Mr. Fowler:

You have asked whether county attorneys having responsibility for felony prosecutions are "officers or employees of any agency, institution, or department of the state" within the meaning of article 6252-26, V.T.C.S.

Article 6252-26 reads in pertinent part:

> Section 1. (a) The State of Texas is liable for and shall pay actual damages, court costs, and attorney fees adjudged against officers or employees of any agency, institution, or department of the state . . . where the damages are based on an act or omission by the person in the course and scope of his office, contractual performance, or employment for the institution, department, or agency and:
>
> (1) the damages arise out of a cause of action for negligence, except a willful or wrongful act or an act of gross negligence; or
>
> (2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States, except when the court in its judgment or the jury in its verdict finds that the officer, contractor, or employee acted in bad faith.
>
> (b) This Act shall not be construed as a waiver of any defense, immunity, or jurisdictional

> bar available to the state or its officers,
> contractors, or employees . . . .
>
>     . . . .
>
> Sec. 5. A member of the commission, board, or
> other governing body of an agency, institution, or
> department is an officer of the agency,
> institution, or department for purposes of this
> Act.

The provision of section five that members of governing bodies
are officers of their respective agencies, institutions, or
departments for purposes of the act is not intended as an exclusion of
other persons from the "officer" category, in our opinion. See Educ.
Code §65.42. But we do not think county attorneys, whether or not
they have responsibility for prosecuting felonies, are officers or
employees of a state agency, institution or department of the state
within the meaning of article 6252-26, V.T.C.S. See Attorney General
Opinion H-1160 (1978).

This office found it unnecessary in Attorney General Opinion
MW-252 (1980) to decide whether article 6252-26 would apply to a suit
against a district attorney because required procedural steps had not
been taken. But in Attorrey General Opinion H-1160 (1978), after
reviewing the history of the provision, it was noted that the caption
of the act, as amended in 1977, stated that the act related to
"defense of claims based on certain conduct of state officers or
employees." See Acts 1977, 65th Leg., ch. 273 at 730. Consequently,
federal technicians, even though supervised by an officer of a state
agency, were concluded not to be within the statute.

The term "state officer" can be used in both a popular sense to
mean an officer whose jurisdiction is coextensive with the state or,
in a more enlarged sense, to mean one who receives his authority under
the laws of the state. Ex parte Preston, 161 S.W. 115 (Tex. Crim.
App. 1913). Cf. Harris County Commissioners Court v. Moore, 420 U.S.
77, 82 n.6 (1975). In our opinion, article 6252-26 was meant to apply
only to officers and employees of state agencies, institutions and
departments having statewide jurisdiction. We do not think it was
meant to embrace everyone who might be considered to be within the
legislative, executive or judicial departments of state government
within the meaning of article II, section 1 of the Texas Constitution.
Travis County v. Jourdan, 42 S.W. 543 (Tex. 1897); Jernigan v. Finley,
38 S.W. 24 (Tex. 1896); Fears v. Nacogdoches County, 9 S.W. 265 (Tex.
1888); cf. State v. Moore, 57 Tex. 307 (1882).

In Travis County v. Jourdan, supra, the state supreme court held
that although county officers are state officers in a certain sense, a

statute that expressly applied to "any district judge or officer of the state government" did not apply to a county treasurer because the mention of district judges would have been unnecessary had the legislature meant for the statute to apply to all "state officers" in the broad sense.  The mention of the district judge showed, the court said, that the statute did not mean to embrace any other officers on a district or county level.  We believe the enactment of article 6252-19b, V.T.C.S., in 1979, coupled with the amendment and virtual reenactment of article 6252-26 in 1981, leads to a similar conclusion. See Acts 1979, 66th Leg., ch. 744 at 1830; Acts 1981, 67th Leg., ch. 553 at 2274.

Article 6252-19b, enacted four years after the original enactment of article 6252-26, expressly applies only to current and former officers and employees of "a county, city, town, special purpose district, or any other political subdivision of this state," and provides that such governmental units "may pay actual damages, court costs and attorney's fees" adjudged against their servants if damages are based on acts or omissions by them in the course and scope of their employment and arise out of a cause of action for negligence (other than one arising from gross negligence, a willful or wrongful act, or official misconduct).  The pattern and effect of article 6252-19b closely resembles that of article 6252-26.  See Attorney General Opinion MW-276 (1980) (purpose of article 6252-26).  Cf. V.T.C.S. art. 332c; Attorney General Opinion MW-157 (1980).

Statutes dealing with the same general subject and having the same general purpose are considered to be in pari materia though they contain no reference to one another and were enacted at different times; they will be read and construed together as though they were parts of one law.  See 53 Tex. Jur. 2d Statutes §186 at 280.  When article 6252-19b and 6252-26 are read together, it seems apparent that article 6252-19b was intended to provide a means of indemnifying officers and employees not already protected by article 6252-26. Otherwise little reason for the enactment of article 6252-19b can be discerned, since article 6252-26 already provided that the state was "liable for and shall pay" damages, costs and fees adjudged against officers and employees of "any agency, institution or department of the state."

Article 6252-19b, it should be noted, unlike article 6252-26, does not say that a political subdivision shall be liable for and pay any damages, costs or fees; it says the political subdivision may do so.  Article 6252-19b is also more restricted in its scope.  See Attorney General Opinion MW-158 (1980).  Article 6252-26 was subsequently amended in 1981 without any suggestion that it covered those persons subject to protection under article 6252-19b.  Also, the legislature in 1983 was careful to provide that "the provisions of [article 6252-26, V.T.C.S.] do not apply to article 4399," Revised

Statutes (relating to the duty of the attorney general to respond to requests for legal opinions), but it made no such provision for article 6252-19b. We are led to conclude that the two statutes are not intended to, and do not, cover the same officers and employees. See Acts 1983, 68th Leg., ch. 735 at 4516.

We are aware that language in the federal case of Loftin v. Thomas, 681 F.2d 364 (5th Cir. 1982) could be read to mean that in the opinion of the court a suit against a county sheriff would be embraced by article 6252-26, V.T.C.S., as well as article 6252-19b. But we think the Loftin v. Thomas court meant to show merely that the plaintiff there had a state remedy under at least one of the existing Texas statutes.

Although federal courts have concluded that prosecuting attorneys act as agents for the state rather than for the county in their prosecutorial functions, see Crane v. Texas, 534 F. Supp. 1237 (N.D. Tex. 1982), cf. V.T.C.S. art. 332b-4, the statutory language and history do not evince an intent that article 6252-26, V.T.C.S., apply to county officers acting for the state. On the contrary, the 64th, 65th, 66th and 68th Legislatures have all dealt with the statute in a manner suggesting that its scope is determined not by the function of an officer or employee, but by the relationship of the officer or employee to the various levels of state government. Cf. Bexar County v. Linden, 220 S.W. 761 (Tex. 1920).

It is our opinion, therefore, that county attorneys having responsibility for felony prosecutions are not "officers or employees of any agency, institution, or department of the state" within the meaning of article 6252-26, V.T.C.S.

S U M M A R Y

County attorneys having responsibility for felony prosecutions are not officers or employees of any agency, institution, or department of the state within the meaning of article 6252-26, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood