

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 6, 2002

Honorable Gwyn Shea
Secretary of State
State of Texas
P.O. Box 12697
Austin, Texas 78711

Opinion No. JC-0575

Re: Meaning of "state officer" for purposes of article XVI, section 1 of the Texas Constitution, which requires such individuals to sign an anti-bribery statement (RQ-0555-JC)

Dear Secretary Shea:

You ask for a definition of the term "state officer" as it is used in article XVI, section 1(c) of the Texas Constitution.[1] Article XVI, section 1 sets out the official oath for elected and appointed officers and an anti-bribery statement that these persons must sign before taking the official oath. The term "state officer" as used in section 1(c) refers to state-level officers, and it does not include local officers. State-level officers must file the signed statement with the secretary of state, while local officers must retain the statement with the official records of the office.

Article XVI, subsection 1(a) sets out the oath or affirmation that elected and appointed public officers are required to take before entering upon the duties of their offices. *See Hendericks v. State*, 49 S.W. 705, 705 (Tex. Civ. App. 1899, no writ) (public officer is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public); Att'y Gen. Op. Nos. DM-114 (1992) at 3 n.3; MW-177 (1980) at 4 (public officer must take constitutional oath). Subsection 1(b) requires elected and appointed officers to sign an "anti-bribery statement," before taking the constitutional oath or affirmation of office. The elected or appointed officer must sign a written oath or affirmation that the officer has not paid or promised any thing of value or public office or employment "for the giving or withholding of a vote at the election at which I was elected or as a reward to secure my appointment or confirmation, whichever the case may be." TEX. CONST. art. XVI, § 1(b).

Subsection 1(c) provides for filing the signed statement:

> (c) Members of the Legislature, the Secretary of State, and all other elected and appointed *state officers* shall file the signed statement required by Subsection (b) of this section with the Secretary

---

[1]Letter from Geoffrey Connor, Assistant Secretary of State, State of Texas, to Honorable John Cornyn, Texas Attorney General (May 20, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

of State before taking the Oath or Affirmation of office prescribed by Subsection (a) of this section. All other officers shall retain the signed statement required by Subsection (b) of this section with the official records of the office.

TEX. CONST. art. XVI, § 1(c) (emphasis added).

The text of subsection 1(c) was adopted in 2001, when the voters approved a legislative resolution designed to "eliminate obsolete, archaic, redundant, and unnecessary provisions and to clarify, update, and harmonize certain provisions of the Texas Constitution," including article XVI, section 1. Tex. H.J.Res. 75, § 8.01, 77th Leg., R.S., 2001 Tex. Gen. Laws 6709, 6719-20 (quoting caption). Before article XVI, section 1 was amended in 2001, it required all elected and appointed officers to file the anti-bribery statement with the secretary of state. *See* Tex. H.J.Res. 40, 71st Leg., R.S., 1989 Tex. Gen. Laws 6428, 6428-29. Now that only "state officers" are required to file with the secretary of state, you wish to know which officers are included in that term.

In a broad sense, all persons holding public office within the state or performing some of its governmental functions are officers of the state. *See Jernigan v. Finley*, 38 S.W. 24 (Tex. 1896); *Ex parte Preston*, 161 S.W. 115, 116 (Tex. Crim. App. 1913). The term "state officer" is, however, generally used in Texas statutes and constitutional provisions to describe a narrower class of officers, those officers whose jurisdiction is coextensive with the boundaries of the state or officers who immediately belong to one of the three branches of state government. *See Lane v. McLemore*, 169 S.W. 1073, 1074 (Tex. Civ. App.–Galveston 1914, no writ); *see also Travis County v. Jourdan*, 42 S.W. 543, 543 (Tex. 1897) (county treasurer is not within statute authorizing Texas Supreme Court to issue writs of mandamus against officer of the state government); *San Antonio Indep. Sch. Dist. v. State*, 173 S.W. 525, 527-28 (Tex. Civ. App.–San Antonio 1915, writ ref'd) (article XVI, section 30a of the Texas Constitution applies to the terms of office of state board members, and does not apply to terms of school board members).

In our opinion, "state officers" in article XVI, section 1(c), refers to officers "whose jurisdiction is coextensive with the state" or "officers [who] immediately belong to one of the three constituent branches of the state government." *Lane*, 169 S.W. at 1074 (quoting 23 AMERICAN & ENGLISH ENCYCLOPEDIA OF LAW 327; *State v. Hewitt*, 52 N.W. 875 (S.D. 1892)); *see* TEX. CONST. art. II, § 1 (powers of government are divided into the legislative, executive, and judicial departments, and each department is entrusted to a separate body of "magistracy"). Article XVI, section 1(c) makes it clear that the term "state officers" does not encompass all persons holding public office within the state, because the provision distinguishes between "state officers" who "shall file the signed statement . . . with the Secretary of State" and "[a]ll other officers," who "shall retain the signed statement . . . with the official records of the office." TEX. CONST. art. XVI, § 1(c).

Application of the rule of ejusdem generis to article XVI, section 1(c) shows which officers are to file the statement with the secretary of state. *See San Antonio Indep. Sch. Dist.*, 173 S.W. at 526 (applying rule of ejusdem generis to construe article XVI, section 30a of Texas Constitution, which provides for terms of office); *see also Rooms with a View, Inc. v. Private Nat'l Mortgage*

*Ass'n,* 7 S.W.3d 840, 844 (Tex. App.–Austin 1999, no pet.) (court uses same guidelines in interpreting constitutional provisions as it does in interpreting statutes). "Under the rule of ejusdem generis, where specific and particular enumerations of persons or things in a statute are followed by general words, the general words are not to be construed in their widest meaning or extent, but are to be treated as limited and applying only to persons or things of the same kind or class as those expressly mentioned." *Stanford v. Butler,* 181 S.W.2d 269, 272 (Tex. 1944). Section 1(c) of article XVI provides that "[m]embers of the Legislature, the Secretary of State, and all other elected and appointed state officers shall file the signed statement . . . with the Secretary of State." TEX. CONST. art. XVI, § 1(c). This section specifically identifies certain state-level officers who must file the written statement with the secretary of state, and, according to the rule of ejusdem generis, the "other elected and appointed state officers" who must file with the secretary are limited to state-level officers. *Id.*

Finally, in its analyses of proposed constitutional amendments to be voted on in November 2001, the Texas Legislative Council described the changes in the article XVI, section 1(c) filing requirements as follows:

> Two current provisions requiring public officers to sign a sworn statement that they have not made a payment or promise to secure election or appointment are consolidated into a single provision applicable to all public officers, with minor wording changes in the statement. The requirement that state officers file the statement with the secretary of state is retained, but for *local officers* that requirement is replaced with a requirement that the statement be retained in the official records of the office.

TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS 79-80 (2001) (emphasis added).

We conclude that article XVI, section 1(c) requires state-level officers, but not local officers, to file the signed anti-bribery statement required by section 1(b) with the secretary of state. Local officers must sign the statement and retain it with the official records of the office. The definition of "state officer" provided in this opinion should enable you to determine in most cases whether an elected or appointed officer must file the statement with your office. Questions about whether a particular officer is a "state officer" within article XVI, section 1(c) may be resolved by consulting relevant statutes, constitutional provisions, and judicial decisions. *See, e.g., San Antonio Indep. Sch. Dist.,* 173 S.W. at 526 (school trustees are not state officers within article XVI, section 30a of Texas Constitution); Tex. Att'y Gen. Op. No. C-303 (1966) (water district board members are not state officers within article XVI, section 30a of Texas Constitution).

## S U M M A R Y

   Article XVI, section 1(b) of the Texas Constitution requires elected and appointed officers to sign an anti-bribery statement before taking the oath or affirmation of office required by article XVI, section 1(a). State-level officers, but not local officers, must file the signed statement with the secretary of state. Local officers must sign the statement and retain it with the official records of the office. Questions about whether a particular officer is a "state officer" within article XVI, section 1(c) may be resolved by consulting relevant statutes, constitutional provisions, and judicial decisions.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee