IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-1129
════════════
 
In re Pirelli Tire, L.L.C., 
Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued November 
29, 2005
 
            
Justice Johnson, joined by 
Chief Justice Jefferson, 
dissenting.
 
 
            
In Dow Chemical Co. v. Alfaro, 786 S.W.2d 674 (Tex. 1990), this 
Court considered whether by Texas Civil Practice and Remedies Code section 
71.031, the Legislature statutorily abolished the doctrine of forum non 
conveniens as to suits such as this. Section 71.031 provided:
 
(a) An 
action for damages for the death or personal injury of a citizen of this state, 
of the United States, or of a foreign country may be enforced in the courts of 
this state, although the wrongful act, neglect, or default causing the death or 
injury takes place in a foreign state or country, if:
            
(1) a law of the foreign state or country or of this state gives a right 
to maintain an action for damages for the death or injury;
(2) 
the action is begun in this state within the time provided by the laws of this 
state for beginning the action; and
            
(3) in the case of a citizen of a foreign 
country, the country has equal treaty rights with the United 
States on behalf of its citizens.
(b) All 
matters pertaining to procedure in the prosecution or maintenance of the action 
in the courts of this state are governed by the law of this state.
(c) The 
court shall apply the rules of substantive law that are appropriate under the 
facts of the case.
 
 
Tex. Civ. Prac. & Rem. Code § 
71.031. This Court held that it did. Alfaro, 786 S.W.2d at 679. 
This Court cited with approval the statement used by the court in Allen v. Bass, 47 S.W.2d 426, 427 (Tex. 
Civ. App.—El Paso 1932, writ ref’d) to the effect that the statutory language provides an 
absolute right for persons subject to the statute to try their cases in the 
courts of this State: 
 
            
Dow and Shell argued before this Court that the legislature did not 
intend to make section 71.031 a guarantee of an absolute right to enforce a suit 
in Texas 
brought under that provision. . . .
. . . 
.
            
Our interpretation of section 71.031 is controlled by this court’s 
refusal of writ of error in Allen v. Bass, 47 S.W.2d 426 (Tex. Civ. App.—El Paso 1932, writ ref’d). In Allen the court of civil appeals held that 
old article 4678 conferred an absolute right to maintain a properly brought suit 
in Texas 
courts. The suit in Allen involved a New 
Mexico plaintiff and defendant arising out of an accident occurring 
in New Mexico. 
The court of appeals reversed a dismissal granted by the trial court on grounds 
similar to those of forum non conveniens, holding that “article 4678 opens the 
courts of this state to citizens of a neighboring state and gives to them an 
absolute right to maintain a transitory action of the present nature and to try 
their cases in the courts of this state.”
 
 
Alfaro, 786 S.W.2d at 676, 
678 (emphasis added).
            
In consideration of and in response to Alfaro, the Legislature 
enacted section 71.051.[1] Subsection (a) applied to claimants who 
were not legal residents of the United States and provided:
 
With 
respect to a claimant who is not a legal resident of the United States, if a 
court of this state, on written motion of a party, finds that in the interest of 
justice an action to which this section applies would be more properly heard in 
a forum outside this state, the court may decline to exercise jurisdiction under 
the doctrine of forum non conveniens and may stay or dismiss the action in whole 
or in part on any conditions that may be just.
 
 
Act of May 27, 1997, 75th Leg. 
R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, 
repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.09, 2003 Tex. Gen. Laws 847 (former Tex. Civ. Prac. & Rem. 
Code § 71.051(a)).[2]
            
In 2003, the Legislature amended section 71.051. The amendments, in part, 
repealed section 71.051(a) and amended subsection (b) so it provided:
 
If a court 
of this state, on written motion of a party, finds that in the interest of 
justice and for the convenience of the parties a claim or action to which this 
section applies would be more properly heard in a forum outside this state, the 
court shall decline to exercise jurisdiction under the doctrine of forum non 
conveniens and shall stay or dismiss the claim or action. In determining whether 
to grant a motion to stay or dismiss an action under the doctrine of forum non 
conveniens, the court shall consider whether:
(1) an 
alternate forum exists in which the claim or action may be tried;
(2) the alternate forum provides an adequate remedy;
(3) 
maintenance of the claim or action in the courts of this state would work a 
substantial injustice to the moving party;
(4) 
the alternate forum, as a result of the submission of the parties or otherwise, 
can exercise jurisdiction over all the defendants properly joined to the 
plaintiff’s claim;
(5) 
the balance of the private interests of the parties and the public interest of 
the state predominate in favor of the claim or action being brought in an 
alternate forum, which shall include consideration of the extent to which an 
injury or death resulted from acts or omissions that occurred in this state; 
and
(6) 
the stay or dismissal would not result in unreasonable duplication or 
proliferation of litigation.
 
 
Tex. Civ. Prac. & Rem. Code § 
71.051(b).
            
The Court acknowledges that former section 71.051(a) was written in 
permissive terms: “the court may decline to exercise jurisdiction under 
the doctrine of forum non conveniens and may stay or dismiss the action 
in whole or in part on any conditions that may be just.” ___ S.W.3d at ___; 
see Ross v. Tide Water Oil Co., 145 S.W.2d 1089, 1092 (Tex. 1941) (noting 
that the word “may” in a statute “ordinarily connotes discretion or permission; 
and it will not be treated as a word of command unless there is something in the 
context or subject matter of the act to indicate that it was used in that 
sense”). The 2003 amendments to section 71.051 changed several aspects of the 
statute, including incorporating the word “shall.” By 2003, the Legislature had 
enacted Texas Government Code section 311.016. According to section 311.016(2), 
a duty is imposed when the word “shall” is used in a statute. Thus, the 2003 
amendments to section 71.051 changed the statute from granting a permissive 
power to the trial court in regard to forum non conveniens decisions 
under 71.051(a) to imposing a duty to act when certain findings are made in 
regard to specified factors.[3] There is no indication in section 71.051 
that “may,” as used in section 71.051(a), was used to command, direct action by, 
or impose a duty to act on the part of the trial court,[4] however, and the Court does not so 
determine.
            
When Pirelli filed its forum non conveniens motion, the trial 
court was faced with two applicable statutes. Section 71.031 gave the Arans[5] an absolute right to bring and try their 
case in Texas. 
See Alfaro, 786 S.W.2d at 676, 678-79. Section 71.051(a) permitted the 
trial court to refuse to exercise jurisdiction under certain circumstances. 
Section 71.051(a) required the trial court to make several decisions when 
determining how to rule on Pirelli’s motion. The decisions included evaluating 
evidence presented by the parties, resolving controverted factual matters (if any), and considering and 
applying the law to the facts as the court found them to be.
            
When the trial court has discretion to grant or deny relief based on its 
factual determinations, we review the trial court’s actions for abuse of 
discretion. See Bocquet v. Herring, 972 S.W.2d 
19, 20-21 (Tex. 1998) (noting that the abuse of discretion standard of review as 
to a trial court’s factual determinations applies when a trial court has 
discretion either to grant or deny relief based on its factual determinations). 
The abuse of discretion standard is especially appropriate when the trial court 
must weigh competing policy considerations and balance interests in determining 
whether to grant relief, as it did in this instance. See Gen. Tire, Inc. v. 
Kepple, 970 S.W.2d 520, 526 (Tex. 1998). When no 
findings of fact or conclusions of law are filed, the trial court judgment is to 
be upheld on any legal theory supported by the record. See Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); Seaman v. Seaman, 425 S.W.2d 339 
(Tex. 1968). 
If the record contains legally sufficient evidence both against and in support 
of the trial court’s decision then mandamus will not lie because weighing 
conflicting evidence is a trial court function. See West v. Solito, 563 S.W.2d 240, 245 (Tex. 1978) (“[A]n 
appellate court may not deal with disputed areas of fact in a mandamus 
proceeding.”). The abuse of discretion standard is not “whether, in the opinion 
of the reviewing court, the facts present an appropriate case for the trial 
court’s action.” Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 
241 (Tex. 
1985).
            
Section 71.051(a) plainly required the trial court to affirmatively find 
that in the interest of justice a forum outside Texas would be more proper for the action 
before the case could be dismissed or stayed. If the trial court did not make 
such a finding, the statute did not authorize the court to dismiss or stay the 
action. Even if the trial court made such a finding, the statute did not command 
or impose a duty on the trial court to dismiss or stay the action; it permitted 
a dismissal or stay. See Ross, 145 S.W.2d at 1092 (noting that 
“may” is not a word of command). This accords with the traditional view of 
forum non conveniens: its purpose is to permit a trial court to decline 
exercising jurisdiction over a case when the case should more properly be 
brought in another forum. See Alfaro, 786 S.W.2d at 676-77.
            
Pirelli does not deny that part of its burden in showing “in the interest 
of justice a forum outside Texas would be more proper for the action” was 
to prove and obtain a finding in the trial court that an adequate alternative 
forum existed.[6] To the contrary, it joins issue on the 
question. When a party with the burden of proof challenges the factfinder’s failure to find in its favor, we treat the 
absence of the finding as a refusal by the factfinder 
to make the finding. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 
(Tex. 1989). 
Because the trial court did not grant Pirelli’s motion and because we may not 
resolve factual disputes or reweigh evidence presented to the trial court, 
Pirelli should prevail on the issue only if the evidence is conclusive that 
Mexico is an adequate alternative 
forum. Id. Evidence in the record, however, is 
not conclusive as to that question.
In analyzing 
the issue of an adequate alternative forum, the Court says the Arans failed to affirmatively state that prescriptive rights 
have not accrued in the Mexican forum and posits that “if they have not, then 
limitations would not appear to be an obstacle to the Mexican forum in the first 
place.” But those matters were for the trial court to consider and weigh in 
exercising its discretion. Both Pirelli and the Arans 
submitted evidence on the question of whether Mexican courts would provide an 
adequate alternative forum. The filings included expert affidavits,[7] copies of Mexican statutes, and copies of 
decisions in other jurisdictions. The Arans submitted 
an affidavit from Professor Hans Baade questioning, 
among other matters, the extent to which Mexican statutes of limitations can be 
waived by Pirelli, even though Pirelli stipulated for purposes of its motion 
that it would submit to Mexican jurisdiction and waive any limitations defenses. 
Pirelli submitted documents that it contends shed doubt on the evidence relied 
upon by the Arans. The question of how much weight, if 
any, to give competing affidavits and evidence is a determination generally 
entrusted to the trial court in matters such as this. See Bocquet, 972 S.W.2d at 20-21. When the trial court does 
not issue findings of fact, reviewing courts should presume that the trial court 
resolved all factual disputes in favor of its determination. See BMC Software 
v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002) (reviewing trial court ruling on special 
appearance); Worford v. Stamper, 801 
S.W.2d 108, 109 (Tex. 1990) (same).   The Court evaluates 
the record according to the factors explicated in Gulf Oil Corp. v. 
Gilbert, 330 U.S. 501 (1947). The Court determines, in part, that (1) 
Pirelli demonstrated Mexico is an adequate alternative forum, (2) “on balance” 
the private interests that are implicated favor the Mexican forum, and (3) the 
happenstance that the truck was in Texas for eleven days before it was sold and 
imported to Mexico is insufficient to provide Texas with any interest in the 
case. The Court concludes that the Gulf Oil factors clearly and 
overwhelmingly favor a Mexican forum for resolving the dispute. That assessment 
is the predicate determination required by section 71.051(a)—“in the interest of 
justice an action to which this section applies would be more properly heard in 
a forum outside this state”—necessary for moving to the question of whether the 
case “may” be dismissed or abated under the statute’s provisions.
            
I do not disagree with the Court’s assessment that the evidence and the 
record reflect a clear, strong balance in favor of dismissing or staying the 
case on the basis of forum non conveniens. But the “strong balance” or 
even a “clear and overwhelming” balance of the Gulf Oil factors in favor 
of dismissing or staying the case does not overcome at least two considerations. 
First, balancing of the interests involved, including the private interests, is 
a function of the trial court to which we should defer unless there is no 
evidence in the record supporting or tending to support the trial court’s 
decision. See Furr’s Supermarkets, 
Inc. v. Bethune, 53 S.W.3d 375, 378 (Tex. 
2001) (recognizing that there is no abuse of discretion if some evidence 
supports the trial court’s decision); Womack v. Berry, 291 S.W.2d 677, 
682-83 (Tex. 
1956) (orig. proceeding). Second, the Court’s determination that a “strong” or 
“clear and overwhelming” balance of Gulf Oil factors favors dismissing or 
staying the case does not override the permissive discretion afforded the trial 
court by section 71.051(a) in light of section 71.031’s specific provision 
allowing suits such as this to be maintained in Texas. Quite simply, section 71.051(a) 
permitted, but did not command, the trial court to refuse to exercise its 
jurisdiction granted by section 71.031 even if the case would more properly be 
heard in Mexico. 
        In analyzing the trial court’s 
decision not to dismiss or stay this case, the Court compares the trial court’s 
decision not to dismiss the case with a trial court’s taking affirmative action 
to consolidate twenty cases for trial under a rule of procedure permitting 
consolidation. See In re Van Waters & Rogers, Inc., 145 S.W.3d 203 
(Tex. 2004). But there is a difference between the trial court’s actions in 
Van Waters and the trial court’s actions in this case. In Van 
Waters, the Court evaluated the evidence and determined that the trial court 
abused its discretion by taking affirmative action to alter the usual process by 
which each individual lawsuit would be tried to a separate jury. Id. at 
211. In the case before us, however, the trial court did not take affirmative 
action to alter a status that was, and for decades had been, authorized by 
statute: the filing and trying of a suit such as this in Texas.[8] The trial court here simply decided to 
exercise the jurisdiction vested in it by section 71.031. To make Van 
Waters a valid comparison to this case, the trial court in Van Waters 
would have had to refuse to consolidate cases for trial, then this Court would 
have had to determine on application for mandamus that the refusal was an abuse 
of discretion. The Court’s comparison of this case to Van Waters does not 
persuade me that mandamus relief is proper here.
            
I agree with the Court that even when discretion is lodged in a trial 
court by use of the term “may” in a statute, there are circumstances in which 
the trial court has no room for exercising discretion. If all the facts and 
circumstances to be considered compel and admit of only one decision, there is 
no fact or circumstance in the record supporting or tending to support a 
contrary decision and the legal rights of the parties will not be prejudiced 
thereby, then there is no discretion to be exercised. See In re Ethyl 
Corp., 975 S.W.2d 606, 610 (Tex. 1998) (citing Womack, 291S.W.2d at 
683). And exercise of permissive discretion granted a trial court by a statute’s 
(or procedural rule’s) use of the word “may” could not be countenanced if the 
trial court were to exercise its discretion for a wholly improper or illegal 
reason such as, for example, the race or sex of a party. But this case is not 
one in which the record contains “no fact or circumstance supporting or tending 
to support a contrary conclusion.” See Womack, 291 S.W.2d at 683. Nor is 
it one in which the record reflects that the trial court exercised its 
discretion for an improper or illegal reason. Thus, the trial court’s decision 
pursuant to the permissive language of section 71.051(a) should not be subjected 
to mandamus relief. See Pat Walker & Co. v. Johnson, 623 S.W.2d 306, 
309 (Tex. 1981) (denying mandamus relief under discretionary former Rule of 
Civil Procedure 21c which provided that a court of appeals “may” grant an 
extension of time for filing a statement of facts).
            
In short, we have said that the doctrine of forum non conveniens 
prevents a court from being compelled to hear a case over which it has 
jurisdiction. See In re Smith Barney, Inc., 975 S.W.2d 593, 598 (Tex. 
1998). The Legislature did just that in section 71.051(a): it prevented the 
trial court from being compelled to hear a case even if it determined that in 
the interest of justice another forum would be more proper. The Court now 
directs the trial court to proceed in the opposite direction: to not hear 
a case over which the trial court had jurisdiction although the trial court 
refused to stay or dismiss the case as the Legislature gave it permission to 
do.
            
If this case were before us under the current version of section 71.051 
which imposes a duty on the trial court to dismiss or stay a case on forum 
non conveniens principles under certain circumstances, I might well be of a 
different view. But it is not. The trial court’s decision to exercise 
jurisdiction specifically provided for by one statute and not withdrawn by 
another was not arbitrary, was not unreasonable, nor was it without reference to 
guiding principles. Accordingly, I would hold that its decision was not an abuse 
of discretion.
            
I would not grant relief directing the trial court to dismiss or stay the 
case. Because the Court does, I dissent.[9]
 
 
            
            
            
            
            
            
_________________________________________
            
            
            
            
            
            
Phil Johnson
            
            
            
            
            
            
Justice
 
 
OPINION DELIVERED: November 2, 2007











[1] 
Carl Christopher Scherz, Comment, Section 71.051 of 
the Texas Civil Practice and Remedies 
Code—The Texas Legislature’s Answer to Alfaro: 
Forum Non Conveniens in Personal Injury and Wrongful Death Litigation, 46 
Baylor L. Rev. 99, 101, 106 
(1994).

[2] 
Further references to particular sections of the Civil Practice and Remedies 
Code, unless specifically noted otherwise, will be to the statutory language 
applicable to this case even though the statutes may have been subsequently 
amended.

[3] 
The concurrence asks where it would all end if we defer to the trial court’s 
discretion in this case. The answer is, where the Legislature says it ends, 
subject to constitutional limitations on the Legislature’s power. The end may 
have come closer with the 2003 amendments to section 71.051.

[4] 
In construing the language of a statute our objective is to determine and give 
effect to the Legislature’s intent. McIntyre v. Ramirez, 109 S.W.3d 741, 
745 (Tex. 2003). We do so by giving effect to the Legislature’s intent as 
expressed by the plain and common meaning of the statute’s words, State v. 
Shumake, 199 S.W.3d 279, 284 (Tex. 2006), or by 
use of definitions provided by the Legislature, see, e.g., Tex. Gov’t Code §§ 311.016, 312.002, 
unless a contrary intention is apparent from the context, Taylor v. Firemen’s 
and Policemen’s Civil Service Commission of City of Lubbock, 616 S.W.2d 187, 
189 (Tex. 1981), or unless such a construction leads to absurd results. Univ. 
of Tex. S.W. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 
351, 356 (Tex. 2004).

[5] 
As does the Court, I will refer collectively to the plaintiffs as “the Arans.”

[6] 
If analysis of the findings required of the trial court were not to be based on 
factors used by the Court, but on analysis of the whole of the phrase “in the 
interest of justice a forum outside Texas would be more proper for the action” 
as the concurrence asserts, the applicable review process and my conclusions 
would not change. The standard of review, evidentiary requirements, deference to 
the trial court’s exercise of discretion, and outcome of the analysis would be 
the same.

[7] 
Additional affidavits were submitted by both the Arans 
and Pirelli after oral arguments in this court. I have not considered those 
because they were not before the trial court when it made its decision. See 
In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).

[8] 
“The statutory predecessors of Section 71.031 have existed since 1913.” 
Alfaro, 786 S.W.2d at 675.

[9] 
The Court does not reach Pirelli’s contention that the trial court abused its 
discretion in refusing to apply the law of Mexico. I would 
reach the issue and hold that Pirelli’s appellate remedy is adequate to address 
the choice-of-law question. In re Prudential Ins. Co. of Am., 148 S.W.3d 
124, 136 (Tex. 2004).