**T.L., Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING; and James T. Rizzuto, in his official capacity as Executive Director, Colorado Department of Health Care Policy and Financing, Defendants–Appellees.**

No. 00CA1691.

Colorado Court of Appeals, Div. V.

Oct. 25, 2001.

Rehearing Denied Jan. 17, 2002.

**64**

Colorado Legal Services, Joel R. Hayes, Jr., Denver, Colorado; The Legal Center for People with Disabilities and Older People, Eric H. Maxfield, Denver, CO; for Plaintiff–Appellant.

Ken Salazar, Attorney General, Anne Holton, Assistant Attorney General, Denver, CO, for Defendants–Appellees.

Opinion by Judge KAPELKE.

In this action concerning Medicaid coverage under the Colorado Medical Assistance Act (CMAA), petitioner, T.L., appeals the district court's judgment in favor of defendants, Colorado Department of Health Care Policy and Financing (Department) and its executive director, affirming an order by the Administrative Law Judge (ALJ) upholding the denial of T.L.'s request for authorization to purchase a hot tub for therapy. We reverse and remand with directions.

T.L. suffers from multiple epiphyseal dysplasia, a hereditary form of arthritis that causes him chronic hip pain. He is also HIV-positive and suffers from various fungal skin viruses as a result.

In 1999, one of T.L.'s physicians filed a prior authorization request (PAR) seeking approval under the Medicaid program for the purchase of a hot tub on behalf of T.L. for therapy for his arthritis. The PAR was supported by documentation regarding medical necessity. The Department's fiscal agent denied the request.

T.L. appealed that ruling to the Division of Administrative Appeals. The Department filed a motion for summary judgment with the ALJ, based on Department of Health Care Policy and Financing Regulation § 8.593.06(B), 10 Code Colo. Regs. 2505–10, which specifically excludes hot tubs from coverage under Colorado's Medicaid program. In response to the motion, T.L. argued that § 8.593.06(B) violated the federal Medicaid statutes and regulations and was thus invalid. The ALJ granted summary judgment in favor of the Department without considering that argument.

T.L. sought judicial review of that decision in the district court under § 24–4–106(7), C.R.S.2001, and also asserted a claim under 42 U.S.C. § 1983. The district court entered summary judgment for the Department.

I.

T.L. first contends that § 8.593.06(B) violates Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396v (1992)(the Medicaid Act), because it improperly excludes hot tubs and certain other durable medical equipment from Medicaid coverage, regardless of medical necessity. We agree.

Pursuant to § 8.058.54, 10 Code Colo. Regs. 2505–10, the Department has the burden to establish by a preponderance of the evidence the basis of the ruling being appealed. *Ohlson v. Weil*, 953 P.2d 939 (Colo.App. 1997).

A reviewing court may overturn an administrative agency's determination if the court finds that the agency acted in an arbitrary and capricious manner, made a determination that is unsupported by the evidence in the record, erroneously interpreted the law, or exceeded its constitutional or statutory authority. Section 24–4–106(7); *Ohlson v. Weil, supra*.

The Medicaid Act is a joint federal-state funding program designed to provide medical assistance to persons whose income and resources are insufficient to meet the costs of medical care. 42 U.S.C. § 1396; *Hern v.*

*Beye,* 57 F.3d 906 (10th Cir.1995); *Ohlson v. Weil, supra.*

■ Although participation is voluntary, once a state chooses to participate in the program, it must comply with federal statutory and regulatory requirements. *Alexander v. Choate,* 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985); *Ohlson v. Weil, supra.*

Colorado participates in Medicaid through CMAA, and the Department is the state agency authorized to administer the program. Section 26–4–104, C.R.S.2001.

Section 26–4–105, C.R.S.2001, provides for the state's compliance with federal requirements:

> Nothing in [CMAA] shall prevent the state department from complying with federal requirements for a program of medical assistance in order for the state of Colorado to qualify for federal funds under Title XIX of the [S]ocial [S]ecurity [A]ct and to maintain a program within the limits of available appropriations.

■ While states participating in the federal Medicaid program must provide certain categories of services or benefits, they have some discretion to determine what specific medical services and procedures will be included in their particular plans. *Dodge v. Dep't of Soc. Services,* 657 P.2d 969 (Colo. App.1982). Thus, a state may place appropriate limits on a service based on medical necessity criteria or on utilization control procedures. 42 C.F.R. § 440.230(d) (2000); *Ohlson v. Weil, supra.*

However, participating states must establish standards for determining the extent of medical assistance under their Medicaid plan that are consistent with the objectives of Title XIX. Further, a state may not "arbitrarily deny or reduce the amount, duration, or scope of a required service under §§ 440.210 and 440.220 to an otherwise eligible recipient solely because of the diagnosis, type of illness, or condition [of the recipient]." 42 C.F.R. § 440.230(c); *Hern v. Beye, supra; Ohlson v. Weil, supra.*

In Colorado, "home health services," as defined by federal law, are among the basic services mandated. Section 26–4–202(1)(f), C.R.S.2001.

"Home health services" are defined by federal regulation as services provided to a recipient at his or her place of residence and on his or her physician's orders, and include medical supplies, equipment, and appliances suitable for use in the home. 42 C.F.R. § 440.70(b)(3).

CMAA requires that home health services be provided "as mandated and defined by federal law," § 26–4–202(1), C.R.S.2001, and also requires provision of "medical supplies, equipment, and appliances suitable for use in the home." Section 26–4–103(6)(c), C.R.S. 2001.

Such medical equipment and appliances are referred to in the regulations as durable medical equipment (DME), which is defined as equipment that is suitable for use outside a medical facility, can withstand repeated use, has a medical purpose, and would not be useful to the client in the absence of illness, injury, or disability. Section 8.591.02(E), 10 Code Colo. Regs. 2505–10.

The regulations further require that DME items be medically necessary in order to be covered, and determination of medical necessity shall be made in accordance with the following criteria:

1. It is prescribed by a doctor of medicine or a doctor of osteopathy;

2. It is a reasonable, appropriate, and effective method for meeting the client's medical need;

3. The expected use is in accordance with current medical standards or practices;

4. It is cost effective[;]

5. It provides for a [safe] environment or situation for the client;

6. For the purpose stated[,] utilization is not experimental, investigational, or not generally accepted by the medical community; and

7. Its primary purpose may not be to enhance the personal comfort of the client, nor to provide convenience for the client or the client's caretaker.

Section 8.591.02(M), 10 Code Colo. Regs. 2505–10.

However, the regulation at issue here, § 8.593.06, states, "The following items are not a benefit of the Medicaid DME/Supply Program for any client under any circumstances: ... B. Hot tubs; jacuzzis...."

T.L. argues that the exclusion of hot tubs and jacuzzis from coverage under all circumstances violates 42 C.F.R. § 440.230(c) because such exclusion is without regard to medical necessity. In support of his argument, T.L. relies on *Hern v. Beye, supra.*

In *Hern,* the Tenth Circuit Court of Appeals enjoined the Department from enforcing various constitutional, statutory, and regulatory provisions that prohibited the state from funding abortions except in life-threatening situations. Stressing that medical necessity is the touchstone of coverage under the Medicaid Act, the *Hern* court held that Colorado's funding restrictions violated the basic objective of the Medicaid Act by categorically denying mandatory coverage for services deemed medically necessary under certain circumstances. *See also Pinneke v. Preisser,* 623 F.2d 546 (8th Cir.1980)(state cannot enforce a state policy that creates an irrebuttable presumption that a particular service or procedure would never be medically necessary, because such a restriction is not a reasonable standard consistent with the objectives of Medicaid).

We recognize, as did the *Hern* court, that under some circumstances coverage may be denied even for services deemed medically necessary in a particular case. Thus, courts have upheld state restrictions on coverage for experimental services and procedures, as well as limitations on the duration of services. *See Miller v. Whitburn,* 10 F.3d 1315 (7th Cir.1993)(upholding denial of coverage for experimental treatments); *Charleston Memorial Hosp. v. Conrad,* 693 F.2d 324 (4th Cir.1982)(upholding state's coverage limitations on number of inpatient hospital days).

In denying T.L.'s request for coverage for the hot tub purchase here, the Department relied on *DeSario v. Thomas,* 139 F.3d 80 (2d Cir.1998). In *DeSario,* the court held that Connecticut was not required to cover medically necessary DME items under its Medicaid plan so long as the health care provided was adequate with respect to the needs of the Medicaid population as a whole. The Connecticut Department of Social Services had developed a list of DME items that would be covered and had denied all requests for any items that were not on the list. The Second Circuit Court of Appeals determined that the exclusive list did not violate the objectives of Title XIX, and, in so doing, rejected the analysis of the Tenth Circuit Court of Appeals in *Hern, supra.*

Following the issuance of the opinion in *DeSario,* and in response to that decision, the director of the Health Care Financing Administration (HCFA), which administers Medicaid, issued a letter to all state Medicaid directors, providing interpretive guidance regarding coverage of DME. The letter indicated that a state could develop a list of pre-approved DME items "as an administrative convenience because such a list eliminates the need to administer an extensive application process for each [DME] request submitted." However, the letter went on to state that a DME policy "that provides no reasonable and meaningful procedure for requesting items that do not appear on a State's pre-approved list, is inconsistent with [42 U.S.C. § 1396a(a)(17), 42 C.F.R. § 440.230(b), and 42 C.F.R. § 440.230(c)]." Letter from Sally K. Richardson, Director, to State Medicaid Directors (Sept. 4, 1998).

The letter expressly rejected the "population as a whole" test employed by the Second Circuit in *DeSario* because it failed to afford a Medicare applicant a meaningful opportunity to seek a modification or exception. In addition, the letter stated:

[A] State will be in compliance with federal Medicaid requirements only if, with respect to an individual applicant's request for an item of [DME], the following criteria are met:

The process is timely and employs reasonable and specific criteria by which an individual item of [DME] will be judged for coverage under the State's home health services benefit. These criteria must be sufficiently specific to permit a determination of whether an item of [DME] that does not appear on a State's pre-approved list has been arbitrarily excluded from cov-

erage based solely on a diagnosis, type of illness, or condition.

The State's process and criteria, as well as the State's list of pre-approved items, are made available to beneficiaries and the public.

Finally, the HCFA director's letter encouraged the state Medicaid directors to view any pre-approved list of DME as "an evolving document that should be updated periodically to reflect available technology."

Following issuance of the HCFA letter, the United States Supreme Court, in *Slekis v. Thomas*, 525 U.S. 1098, 119 S.Ct. 864, 142 L.Ed.2d 767 (1999), vacated the Second Circuit's ruling in *DeSario* and remanded for further consideration "in light of the interpretive guidance issued by [HCFA] on September 4, 1998."

Based on the HCFA interpretive guidance letter, the rationale of *Hern v. Beye, supra,* and the Supreme Court's remand order in *Slekis v. Thomas, supra,* we conclude that, by expressly excluding home health coverage for hot tub or jacuzzi acquisitions under all circumstances and without regard to medical necessity, § 8.593.06(B) violates federal law and the objectives of Title XIX and is therefore invalid.

As noted, the medical necessity analysis is central to Medicaid's coverage of DME and Colorado's coverage of home health services. Thus, the categorical exclusion of DME items deprives a client of a reasonable and meaningful procedure for requesting a DME item that may be medically necessary.

Accordingly, we remand to the district court for remand to the ALJ for further proceedings on T.L.'s prior authorization request.

Because the rulings of the ALJ and the district court were wholly based on the exclusion in § 8.593.06(B), which we have held to be invalid, there has been no determination of other issues raised by the Department. These issues include whether hot tub therapy is, in fact, medically necessary for T.L.'s treatment and care; whether, and at what cost, T.L. could obtain such therapy outside the home; whether a hot tub is within the definition of DME under federal and Colorado law; and whether the primary purpose of the requested hot tub is to enhance the personal comfort of T.L. These issues should be addressed by the ALJ on remand.

## II.

■ T.L. also contends that the Department's denial of his request for authorization to purchase a hot tub violated his federal rights under 42 U.S.C. § 1983 and that he is thus entitled to declaratory and injunctive relief under that statute and an award of attorney fees and costs under 42 U.S.C. § 1988 (1994). We conclude that further proceedings are necessary in this regard.

■ A party seeking declaratory and injunctive relief under § 1983 must establish that the defendant acted under color of state law and that the defendant's conduct deprived the plaintiff of a federal right. *State v. Nieto*, 993 P.2d 493 (Colo.2000).

Because we are unable to determine at this stage whether T.L. has a right to coverage under CMAA for purchase of the requested hot tub, determination of his claim under § 1983 must await resolution of the underlying claim for Medicaid benefits. Further, his entitlement to an award of fees under § 1988 will depend upon whether he ultimately is the prevailing party. *See Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987).

In view of our disposition of these issues, we decline to address the other issues raised by T.L.

The judgment is reversed, and the case is remanded to the district court for further remand to the ALJ for a hearing upon and reconsideration of the order denying T.L.'s prior authorization request and for entry of findings and conclusions, in accordance with the views expressed in this opinion.

Judge TAUBMAN and Judge PIERCE,* concur.